Barry NOBLES, etc., et al.; James T. Parham, III, etc., et al.; and Colleen Callahan, etc., et al., Plaintiffs,

v.

ALABAMA CHRISTIAN ACADEMY, et al., Defendants.

Civil Action Nos. 95–A–1438–N, 95–A–1596–N and 96–A–111–N.

United States District Court, M.D. Alabama, Northern Division.

March 11, 1996.

Jimmy D. Jacobs, Jacobs & Lyles, Montgomery, AL, Harry A. Lyles, Montgomery, AL, for plaintiffs.

Alex L. Holtsford, Jr., Philip R. Collins, Nix, Holtsford & Vercelli, P.C., Montgomery, AL, Jeffrey W. Smith, Beers, Anderson, Jackson & Smith, P.C., Montgomery, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

On October 10, 1995, Plaintiff Barry Nobles, by and through his parents Wayne and Nancy Nobles, ("the Nobles") filed suit in the Circuit Court of Montgomery County against Defendants Alabama Christian Academy ("ACA"), the Board of Trustees of ACA ("the Board"), and Roberta Atkinson, principal of ACA. The five count complaint alleged that Defendants failed to provide Barry Nobles an adequate education. Specifically, the Nobles' allegations included: State-law claims of (1) breach of contract, (2) negligence, (3) fraud, (4) due process violations of the Constitution of Alabama, and a federal claim that (5) the Defendants violated the Nobles'

rights under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution as secured by 42 U.S.C. § 1983.

On November 7, 1995, Defendants filed a notice of removal on the basis of 28 U.S.C. §§ 1331, 1441(a)–(b), citing the Nobles' § 1983 claim as support for removal. This became Civil Action Number 95–A–1438–N.

On December 14, 1995, Plaintiffs James T. Parham, III and Ashley R. Parham, by and through their parents James T. and Deeadra Parham, filed an identical suit in federal court. Civil Action Number 95–T–1596–N. On January 22, 1996, Plaintiffs Colleen and James Callahan, by and through their parents Robert P. and Kyong H. Callahan, also filed an identical suit in federal court. Civil Action Number 96–D–111–N.

Following a scheduling conference and agreement by all the parties, the three cases were ordered consolidated on February 20, 1996, under the lead case, Civil Action Number 95–A–1438–N (the Nobles). By this order it was further held "that the submissions of the parties in Civil Action No. 95–A–1596–N, filed on February 14, 1996, on the issues of the Defendant's Motion for Partial Dismissal and the question of whether the Defendant was acting under color of state law shall be considered in all cases, and these matters are now taken under submission for determination without oral hearing." The court will now consider the question of whether the § 1983 claim should be dismissed on the ground that the Defendant's alleged violations did not constitute conduct "under color of state law."

### I. Plaintiffs' § 1983 Claim

A claim for relief under 42 U.S.C. § 1983 must contain two essential elements. First, the conduct complained of must have been committed by a person acting under color of state law (i.e. it must be fairly attributable to the state). Second, the conduct complained of must have deprived plaintiffs of a right, privilege or immunity secured by the constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981).

### A. "Under Color of State Law"/The "State Action" Test

■ There is a two part test to determine whether an alleged action was committed by a person acting under color of state law (i.e. was a state action). "For a defendant's actions to be fairly attributable to the state, first, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible...." Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir.1992) (internal quotations omitted).

■ The Plaintiffs' § 1983 claim must fail because of the second prong of this test. The Defendants are not state actors. A private party can only be viewed as a "state actor" for § 1983 purposes in rare circumstances. *Harvey*, 949 F.2d at 1130. The Eleventh Circuit has recognized three tests for establishing state action by what is otherwise a private person or entity: (1) the "public function" test, (2) the "state compulsion" test, and (3) the "nexus/joint action" test. *Id.* (citing *NBC v. Communications Workers of America, AFL–CIO*, 860 F.2d 1022, 1026 (11th Cir.1988)).

■ The "nexus/joint action" test involves "situations where the government has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participation in the enterprise." *Id.* (internal quotations omitted). The Supreme Court has specifically held that private schools and the state do not have such a nexus. *Rendell–Baker v. Kohn*, 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982). In *Rendell–Baker* the Supreme Court also specifically rejected the argument that private schools serve such a "public function" as to make them "state actors." *Rendell–Baker*, 457 U.S. at 841, 102 S.Ct. at 2771. Accordingly, the Defendants are not considered state actors under the "nexus/joint action" or "public function" tests.

■ With respect to the "state compulsion" test, the Supreme Court in *Rendell–Baker* also held that despite extensive regulation of private schools by the state, the state did not exercise such a coercive influence over the school as to make the school's decisions those of the state. *Id.* at 841, 102 S.Ct. at 2771. "A state normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Id.* at 840, 102 S.Ct. at 2771.

The Plaintiffs argue that the circumstances in Alabama are distinguishable from those in *Rendell–Baker* (Massachusetts). The Plaintiffs contend that, following an order entered on March 31, 1993 by the Fifteenth Judicial Circuit Court of Alabama, Montgomery County, Reese, J., in the matter of *Alabama Coalition for Equity, Inc., et al. v. Hunt, et al.*, CV–90–883, education is a fundamental right under the Constitution of Alabama, 1901. Accordingly, Plaintiffs contend that the State of Alabama does exercise such a coercive influence over private schools as to make the school's decisions those of the state. The court does not agree.

■ Assuming, without holding, that there actually is a fundamental right to an adequate education under the Alabama constitution, this would merely serve as a minimum standard by which the Defendants might be required to perform. The requirement would be that of the State, not of a private school within the state. Although constitutionally prescribed, this minimum standard is no more than a regulation of schools in Alabama. The court in *Rendell–Baker* compared private schools to other entities which contract with the government. There are certain standards which must be met by all private contractors whether the contractors are building roads and bridges or educating the children of the state. *See Rendell–Baker*, 457 U.S. at 840–841, 102 S.Ct. at 2770–2771. "Acts of such private contractors do not become acts of government by reason of their significant or even total engagement in performing public contracts." *Id.* at 841, 102 S.Ct. at 2771. Failure to meet such a standard, even if it is a constitutional requirement as to the State, is not a constitutional violation by the private contractor.

■ Plaintiffs' argument fails because it misinterprets the "state compulsion" test. "The state must be involved not simply with some activity of the institution alleged to have inflicted injury upon a plaintiff but with the activity that caused the injury. Putting the point another way, the state action, not the private action, must be the subject of the complaint." *Powe v. Miles*, 407 F.2d 73, 81 (2nd Cir.1968) (citing *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961)). If the State required a particular action on the part of the school, and the Plaintiffs' suits against the school were based on the school's taking such an action as required, then the action would be one coerced by the state and within the "state compulsion" test. The Plaintiffs do not, however, challenge the state's educational requirements. In fact, the Plaintiffs are suing the Defendants because of their alleged failure to meet the minimal requirement of providing an adequate education; therefore, it is the private action, not the state action, the Plaintiffs are challenging. Accordingly, the court finds that the Defendants in this case are not state actors. Having made such a determination, the court further finds that the Plaintiffs have failed to state a federal claim for relief under 42 U.S.C. § 1983, and the claim is due to be dismissed with prejudice.

## B. "Deprivation of Right, Privilege, or Immunity"

Because the court has determined that the Defendants were not state actors, it is unnecessary to consider whether the Plaintiffs have been deprived of a right, privilege, or immunity secured by the constitution or laws of the United States.

## II. Remaining State Law Claims

Federal jurisdiction of the remaining claims against the Defendants was premised upon the court's exercise of supplemental jurisdiction. 28 U.S.C. § 1367(a). Having dismissed the federal (§ 1983) claim, the court no longer has original jurisdiction of

790

any of the surviving claims. Therefore, pursuant to 28 U.S.C. § 1367(c)(3), the court declines to exercise supplemental jurisdiction over such claims. These are matters best determined by the courts of the State of Alabama, not by a federal court.

Though the court has entered an order consolidating these cases, the court shall dispose of the cases individually.

### A. CIVIL ACTION NO. 96–A–1438–N

■ The lead case, Civil Action No. 96–A–1438–N, is in a different posture than the subsequently filed cases, Civil Action Numbers 95–A–1596–N and 96–A–111–N, because it was originally filed in the Montgomery County Circuit Court and removed to federal court. Its disposition, therefore, will differ from the disposition of the cases originally filed in federal court.

■ A District Court has discretion to remand to state court a removed case involving supplemental state law claims upon a proper determination that retaining jurisdiction would be inappropriate. *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). In *Carnegie Mellon*, the Supreme Court recognized that it is generally preferable for a District Court to remand supplemental claims to state court when the federal claims have been eliminated. *Id.* at 351, 108 S.Ct. at 619–20. The Court in *Carnegie Mellon* also made clear that the District Court's decision of whether to decline or retain jurisdiction depends upon considerations of "economy, convenience, fairness and comity" which must be weighed in each case. *Id.* In the present case, these factors weigh heavily in favor of remanding the case. The proceedings are at an early stage; therefore, judicial economy is not sacrificed by remand. Furthermore, this case potentially involves unresolved interpretations of the Constitution of Alabama. Having weighed any benefit to be served by the court's retaining jurisdiction against the State's interest in interpreting its own constitution, the court is of the opinion that the interests of comity distinctly favor remand. Accordingly, the balance of these factors, "economy, convenience, fairness and comity," indicate that the case properly belongs in state court and should therefore be remanded.

### B. CIVIL ACTION NUMBERS 95–A–1596–N and 96–A–111–N

■ The two subsequently filed cases, Civil Action Numbers 95–A–1596–N and 96–A–111–N, were originally filed in federal court; therefore, remand is inappropriate. The court declines, however, to exercise supplemental jurisdiction because it has dismissed all claims over which it has original jurisdiction. 28 U.S.C.A. § 1367(c)(3). As the Supreme Court has observed, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving ... state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have been dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie Mellon Univ.*, 484 U.S. at 350, 108 S.Ct. at 614. As discussed earlier, the interests of "economy, convenience, fairness and comity" weigh heavily in favor of the court's declining to exercise jurisdiction, and the supplemental state claims should be dismissed without prejudice.

### III. CONCLUSION

The Defendants, ACA, the Board of Trustees of ACA, and Roberta Atkinson, principal of ACA, are not state actors as required for a federal claim to be made under 42 U.S.C. § 1983. Accordingly it is hereby

ORDERED that the Plaintiffs' § 1983 claim in each case is due to be and is hereby DISMISSED with prejudice.

Due to the dismissal of the only federal claim, and in the interests of "economy, convenience, fairness and comity," the court declines to exercise supplemental jurisdiction over the remaining state law claims. Therefore, it is hereby

FURTHER ORDERED that the case of *Barry Nobles, etc., et al. v. Alabama Christian Academy, et al.,* Civil Action No. 95–A–1438–N, is due to be and is hereby REMANDED to the Circuit Court of Montgomery County, Alabama. The clerk is DIRECTED to take appropriate steps to effect the remand.

It is also FURTHER ORDERED that the state law claims in *James T. Parham, III, etc., et al. v. Alabama Christian Academy, et al.,* Civil Action No. 95–A–1596–N, and *Colleen Callahan, etc., et al. v. Alabama Christian Academy, et al.,* Civil Action No. 96–A–111–N are due to be and are hereby DISMISSED without prejudice.

Costs are taxed against the Plaintiffs.