Myra McKissack Wallace appeals from a summary judgment entered in favor of Tee Jays Manufacturing Company, Inc. ("Tee Jays"). We dismiss her appeal because it is not taken from a "final judgment," as that term is used in § 12-22-2, Ala. Code 1975.
This case began when Wallace filed a one-count complaint in the Lauderdale County Circuit Court, alleging that Tee Jays had terminated her employment in retaliation for her claiming workers' compensation benefits. See § 25-5-11.1, Ala. Code 1975. Wallace sought compensatory and punitive damages, interest, and costs. After Tee Jays answered the complaint, and after unsuccessful mediation of the claim, the trial court on July 1, 1996, set the case for trial on September 9, 1996.
Tee Jays moved for a summary judgment on August 1, 1996; the trial court set the motion for hearing on August 28, 1996. On August 12, 1996, Wallace filed an amended complaint seeking workers' compensation benefits from Tee Jays for her injury. The date of counsel's certificate of service of this amended complaint by United States mail is July 25, 1996. Neither the briefs nor the evidentiary submissions of Tee Jays and Wallace address any claim other than the wrongful-termination claim raised in the original complaint. Moreover, the trial court's four-page summary judgment entered for Tee Jays on September 6, 1996, does not indicate that the court considered the workers' compensation claim raised in the amended complaint.
Wallace appealed. The Supreme Court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975. We first consider whether we have jurisdiction over this appeal, because "jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu." Nunnv. Baker, 518 So.2d 711, 712 (Ala. 1987).
Rule 15(a), Ala.R.Civ.P., provides that "[u]nless a court has ordered otherwise, a party may amend a pleading without leave of court, but subject to a disallowance on the court's own motion or a motion to strike by an adverse party, at any time more than forty-two (42) days before the first setting of the case for trial."[1] Rules 5(a), 5(b), and 5(d), Ala.R.Civ.P., taken together, require that "every pleading subsequent to the original complaint . . . shall be served upon each of the parties," that such pleadings "be filed with the court . . . within a reasonable time thereafter," and that service by mail be deemed "complete upon mailing."
The record reflects that counsel for Wallace served the amended complaint seeking workers' compensation benefits on July 25, 1996, which date is more than 42 days before the first trial setting (September 9, 1996). Further, there is no evidence of an order striking this amendment. We conclude, therefore, that Wallace's workers' compensation claim against Tee Jays was before the trial court when it entered the summary judgment. The trial court made no ruling on the workers' compensation claim, and Tee Jays, in its brief in this court, indicates that "Wallace's claim for reimbursement for medical costs under the Alabama Worker's [sic] Compensation Act is pending before the trial court." Furthermore, the trial court entered no order pursuant to Rule 54(b), Ala.R.Civ.P., purporting to make the summary judgment a "final judgment," despite its adjudication of fewer than all claims in the case. Finally, the record contains no motion to sever the compensation claim from the tort claim, as is the usual procedure when a complaint seeks both workers' compensation benefits and tort relief. See Raines v. Browning-Ferris Inds.of Alabama, 638 So.2d 1334, 1337 (Ala.Civ.App. 1993).
When, as here, a trial court enters a summary judgment as to fewer than all claims in a case, but does not make an express determination that there is "no just reason for delay" and does not direct the entry of judgment, the summary judgment is not a final judgment within our appellate jurisdiction. See, e.g.,Kelley v. U.S.A. Oil *Page 212 Corp., 363 So.2d 758, 759-60 (Ala. 1978). While we have the discretion to remand for the entry of an order pursuant to Rule 54(b), so as to allow our exercise of appellate jurisdiction,see Bridges v. Bridges, 598 So.2d 935, 935-36
(Ala.Civ.App. 1992), we note that Rule 54(b) certifications "should be made only in exceptional cases." Parrish v. Blazer Fin. Servs.,Inc., 682 So.2d 1383, 1385 (Ala.Civ.App. 1996). Moreover, "a party who seeks immediate appellate review of a judgment which does not adjudicate all of the claims and/or all of the parties must make a showing as to why it is necessary that appellate review of that particular judgment be conducted prior to adjudication of the entire case." Brown v. Whitaker ContractingCorp., 681 So.2d 226, 229 (Ala.Civ.App. 1996). Wallace did not offer factual or legal reasons in the trial court as to why immediate appellate review is necessary in this case, as Brown
requires. Under the circumstances, we therefore dismiss Wallace's appeal for lack of jurisdiction.
APPEAL DISMISSED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.
[1] Amendments made less than 42 days before trial may be made only with leave of court, for good cause shown. Id.