ROBERTSON, Presiding Judge.
James Carter Thomas and Patricia Chandler Thomas appeal from a judgment of the Henry County Circuit Court in favor of Herschel Floyd Bedsole, as trustee of the Floyd Martin Bedsole Family Trust (the “Trust”). We dismiss the appeal as untimely.
The Trust filed a complaint in the trial court naming the Thomases as defendants and seeking declaratory relief and damages with respect to a disputed boundary line between parcels of real property owned by the Trust and the Thomases. The Thomases filed a similar action, naming Floyd Bedsole as a defendant, and the two cases were consolidated for trial. After an ore tenus proceeding, the trial court entered a judgment on October 7, 1997, declaring the boundary line between the two parcels and awarding the Trust $1,319.82 in damages. On November 5, 1997, the Thomases filed a motion for a new trial or to alter, amend, or vacate the trial court’s judgment on November 5, 1997, and the Trust filed a response to that motion. The trial court set the motion for a hearing on January 9, 1998. On February 16, 1998, 103 days after the filing of the Thomases’ post-judgment motion, the trial court entered an order on the case action summary sheet purporting to deny the motion. The Thom-ases filed a notice of appeal on March 26, 1998.
Although the Trust has not challenged our appellate jurisdiction, we must consider whether we have jurisdiction over this appeal, because “ ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ ” Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)).
Rule 4(a)(1), Ala.RApp.P., provides (with limited exceptions not pertinent here) that a party desiring to appeal file his or her notice of appeal within 42 days of the date of the entry of the judgment appealed from. While Rule 4(a)(3), Ala.R.App.P., provides that the filing of a post-judgment motion under Rule 59, Ala.R.Civ.P., suspends the running of the time for filing a notice of appeal, a post-judgment motion may not remain pending in the trial court for more than 90 days after its filing, “unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie.” Rule 59.1, Ala. R.Civ.P. A failure by the trial court to rule upon a post-judgment motion within the time permitted constitutes a denial of that motion. See Rule 59.1, Ala.R.Civ.P. “If such post-judgment motion is deemed denied under the provisions of Rule 59.1 of the Alabama Rules of Civil Procedure, then the time for filing a notice of appeal shall be computed from the date of denial of such motion by operation of law, as provided for in Rule 59.1.” Rule 4(a)(3), Ala.R.App.P.
The Thomases’ motion sought relief under Rule 59(a) and 59(e), Ala.R.Civ.P. However, it was not ruled upon by the trial court within 90 days of November 5, 1997, — the date it was filed — and was automatically denied by operation of law on February 3,1998, 90 days later.[1] Rule 59.1, Ala.R.Civ.P. The *224 Thomases had 42 days from that date (i.e., until March 17,1998) in which to file a notice of appeal, but they did not do so; instead, their notice of appeal was filed nine days late, on March 26,1998.
Rule 2(a)(1), Ala.R.App.P., provides that “[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.” Because we have concluded that the Thomases’ notice of appeal was not timely filed, we must dismiss their appeal. Asam v. City of Tuscaloosa, 585 So.2d 60 (Ala.Civ.App.1991), cert. denied, 502 U.S. 1033, 112 S.Ct. 874, 116 L.Ed.2d 779 (1992).
APPEAL DISMISSED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.

. The trial court's February 16, 1998, order purporting to deny the post-judgment motion was *224 thus a nullity. E.g., Kmart Corp. v. Perdue, 708 So.2d 106, 107 (Ala.1997).