Wayne Nobles and Nancy Nobles ("the Nobleses"), in their individual capacities and as next friends and parents of Barry Nobles ("Barry"), appeal from a judgment dismissing, pursuant to Rule 12(b)(6), Ala. R. Civ. P., their claims against Alabama Christian Academy, its board of trustees, and its principal (hereinafter collectively referred to as "ACA"). We dismiss the appeal.
The Nobleses filed their seven-count complaint in the Montgomery County Circuit Court on October 10, 1995. In their complaint, the Nobleses alleged that they had contracted with ACA to enroll Barry at ACA for educational instruction; that during Barry's enrollment at ACA, the Nobleses noticed apparent deficiencies or difficulties in his reading skills, but were assured that "appropriate skills would be developed given more time"; that Barry was evaluated, after having attended ACA for three years, as lacking average first-grade reading skills; and that Barry has since been labeled as educationally handicapped and has required remedial instruction as a result of ACA's alleged "failure to perform as promised in providing an adequate and appropriate education to [Barry]." The Nobleses sought declaratory relief and compensatory and punitive damages (including attorney fees) from ACA, asserting that ACA's conduct was actionable, pursuant to 42 U.S.C. § 1983, as a denial of Barry's right to an adequate education without due process of law, as guaranteed by the United States Constitution; the Nobleses also asserted negligence, breach of contract, and fraudulent misrepresentation claims, as well as due process claims under the Alabama Constitution.
Pursuant to 28 U.S.C. § 1331 and 1441, ACA removed the Nobleses' action to the United States District Court for the Middle District of Alabama, where it was consolidated with similar actions brought by two other sets of parents, James T. and Deeadra Parham ("the Parhams") and Robert P. and Kyong H. Callahan ("the Callahans"), against ACA. ACA moved for a partial dismissal of the plaintiffs' claims, asserting that it was not acting "under color of state law," as that term is used in42 U.S.C. § 1983. The federal court dismissed all of the plaintiffs' federal due process claims on the basis that the defendants were not state actors liable to the plaintiffs under42 U.S.C. § 1983, and remanded the Nobleses' case to the trial court. Nobles v. Alabama Christian Academy, 917 F. Supp. 786,789-91 (M.D. Ala. 1996).
On remand, the trial court permitted the Parhams and the Callahans to join the Nobleses as plaintiffs in this action, and permitted Alfa Mutual Insurance Company, ACA's liability insurer, to intervene as a party to seek a declaration of its rights and obligations under its insurance policy issued to ACA. ACA filed a counterclaim against the Nobleses, the Parhams, and the Callahans, asserting that their claims were "baseless in law and in fact" and that ACA had been damaged as a result of their actions. Pursuant to a settlement agreement, under which the Callahans and ACA agreed to dismiss all *Page 529 
claims against each other, the trial court dismissed the Callahans' claims against ACA. Subsequently ACA moved for a summary judgment in its favor on the Parhams' claims; the trial court granted its motion, entering a summary judgment with respect to those claims.
On January 16, 1998, ACA filed a motion to dismiss the Nobleses' complaint for failure to state a claim upon which relief could be granted, pursuant to Rule 12(b)(6). The Nobleses filed a brief in opposition to this motion. The trial court granted ACA's motion to dismiss after hearing arguments from the parties; however, it did not address ACA's counterclaim, nor Alfa's complaint in intervention for declaratory relief concerning its rights and obligations under the insurance policy issued to ACA.
The Nobleses appealed the dismissal of their complaint to the Alabama Supreme Court; that court transferred their appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
While neither the Nobleses nor ACA has questioned this court's appellate jurisdiction, we must consider whether we have jurisdiction over this appeal, because "jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu." Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987).
In pertinent part, § 12-22-2, Ala. Code 1975, provides that an appeal will lie to the appropriate appellate court, within the time and in the manner prescribed by the Rules of Appellate Procedure, "[f]rom any final judgment of the circuit court" (emphasis added). A final judgment is "a terminative decision by a court of competent jurisdiction which demonstrates there has been a complete adjudication of all matters in controversy between the litigants within the cognizance of that Court." Youngv. Sandlin, 703 So.2d 1005, 1008 (Ala.Civ.App. 1997) (quotingFord Motor Co. v. Tunnell, 641 So.2d 1238, 1240 (Ala. 1994)).
Rule 54(b), Ala. R. Civ. P., provides (emphasis added):
 "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Except where judgment is entered as to defendants who have been served pursuant to Rule 4(f), in the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
In this case, the Nobleses have attempted to appeal from the trial court's order granting ACA's motion to dismiss their complaint, despite the pendency of ACA's counterclaim against all of the plaintiffs and Alfa's claims for declaratory judgment. "When, as here, a trial court enters a . . . judgment as to fewer than all claims in a case, but does not make an express determination that there is `no just reason for delay' and does not direct the entry of judgment, the summary judgment is not a final judgment within our appellate jurisdiction."Wallace v. TeeJays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App. 1997). Moreover, we noted in Wallace that "[w]hile we have the discretion to remand for the entry of an order pursuant to Rule 54(b), so as to allow our exercise of appellate jurisdiction . . . Rule 54(b) certifications `should be made only in exceptional cases,'" and "a party who seeks immediate appellate review of a judgment which does not adjudicate all of the claims and/or all of the parties must make a showing as to why it is necessary that appellate review of that particular judgment be conducted prior to adjudication of the entire case." 689 So.2d at 211. Because the Nobleses did not offer factual or legal reasons in the trial court as to why immediate appellate *Page 530 
review is necessary in this case, we dismiss their appeal for lack of jurisdiction. Id.
APPEAL DISMISSED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.