On September 20, 2001, Terry Tyrone Wright ("the husband") filed a complaint in the Escambia Circuit Court seeking a divorce from Marcia L. Adams Wright ("the wife"). During the parties' relationship but before the parties' marriage, the wife gave birth to a child. In his complaint for divorce, the husband, among other things, sought to establish his paternity of the child. The husband requested in his complaint that, should he be found to be the biological father of the child, the court award custody of the child to the wife. The husband also asked that the trial court set child support pursuant to the child-support guidelines.
On October 15, 2001, the wife answered and counterclaimed for divorce. In her counterclaim, the wife sought, among other *Page 363 
things, custody of the child and child support. On October 31, 2001, the husband filed a motion to conduct genetic testing. The trial court granted that motion on December 4, 2001. On March 1, 2002, a DNA test identified the husband as the child's biological father.
Following an ore tenus hearing on December 18, 2002, the trial court entered a judgment on February 6, 2003, divorcing the parties and dividing the marital property. In its February 6, 2003, judgment, the trial court declined to address any of the issues relating to the parties' minor child, including custody and child support. The trial court reasoned that it did not have jurisdiction over the child because, it stated, "[s]aid child was conceived and born prior to the marriage of the parties, therefore, [the] child was not born of the marriage." The trial court concluded that the juvenile court was the proper court to consider the issues relating to the parties' child. The wife filed a postjudgment motion on February 19, 2003, in which she asked the trial court to adjudicate the issues of custody and support of the parties' minor child. The trial court denied the wife's postjudgment motion, and the wife subsequently appealed. The husband did not file a brief in this court.
The wife's sole contention on appeal is that the trial court erred by refusing to rule on matters of child custody and support. Although the wife has not addressed whether this court may consider this appeal, matters of jurisdiction are of such importance that a court may consider them ex mero motu. BacadamOutdoor Adver., Inc. v. Kennard, 721 So.2d 226 (Ala.Civ.App. 1998) (citing Nunn v. Baker, 518 So.2d 711 (Ala. 1987), andWallace v. Tee Jays Mfg. Co., 689 So.2d 210 (Ala.Civ.App. 1997)). A final judgment is one "that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved." Bean v. Craig, 557 So.2d 1249, 1253
(Ala. 1990). See also McCollough v. Bell, 611 So.2d 383, 385
(Ala.Civ.App. 1992) ("Any decision, order, or [judgment] of the trial court which puts an end to the proceedings between the parties to a cause in that court is final and may be reviewed on appeal.").
In its February 6, 2003, judgment, the trial court declined to rule on the issues of child custody and support that were raised by the wife and the husband in their respective pleadings. However, the trial court ordered a paternity test, the results of which identified the husband as the biological father of the child. We note that it is the general rule that a court of equity, vested with jurisdiction in a particular case, proceed to resolve all issues placed before it and "settle all the equities between the parties." Creel v. Creel, 342 So.2d 793, 794
(Ala.Civ.App. 1977); cf. Ex parte Handley, 460 So.2d 167, 169
(Ala. 1984) ("`Equity delights to do justice, and not by halves.'") (quoting Moore v. Moore, 255 Ala. 393, 401,51 So.2d 683, 690 (1951)). Given that the trial court ordered the paternity test and considering the subsequent paternity determination in the parties' divorce action, the resolution of the issues of child custody and support would logically follow.See generally Floyd v. Floyd, 701 So.2d 1151 (Ala.Civ.App. 1997).
The February 6, 2003, judgment of the trial court did not adjudicate the issues of child custody and support raised by both parties in their pleadings before the court. "An order is generally not final unless it disposes of all claims or the rights and liabilities of all parties." Carlisle v. Carlisle,768 So.2d 976, 977 (Ala.Civ.App. 2000) (citing Rule 54(b), Ala. R. Civ. P., and Ex parte Harris, 506 So.2d 1003, 1004
(Ala.Civ.App. 1987)). We conclude that the trial court's February 6, *Page 364 
2003, judgment failed to adjudicate all of the issues properly before that court and, therefore, was a nonfinal judgment that will not support the wife's appeal. This court must dismiss an appeal from a nonfinal judgment. Bacadam Outdoor Adver., Inc. v.Kennard, supra.
The wife's request for an attorney fee on appeal is denied.
APPEAL DISMISSED.
YATES, P.J., and CRAWLEY, PITTMAN, and MURDOCK, JJ., concur.