YATES, Presiding Judge.
Finova Capital Corporation sued College City Drugs, Inc., and its president, Roy Barnett, on February 25, 2002, alleging a breach of two finance leases, which Finova says had been modified by an order of the United States Bankruptcy Court for the Middle District of Florida confirming a Chapter 11 reorganization plan. On July 3, 2002, Finova moved the court for a summary judgment on its claim alleging a breach of the lease agreements.
On September 3, 2002, College City Drugs and Barnett moved the court to dismiss Finova’s complaint, arguing that the trial court did not have subject-matter jurisdiction because the Bankruptcy Court for the Middle District of Florida had retained jurisdiction over the matter pursuant to Article XII of the reorganization plan. On that same date, College City Drugs and Barnett responded to Finova’s motion for a summary judgment and counterclaimed against Finova, alleging misrepresentation and suppression. On September 6, 2002, the trial court entered an order denying Finova’s motion for a summary judgment and denying College City Drugs and Barnett’s motion to dismiss.
On January 23, 2003, Finova answered the counterclaim and moved the court for a judgment on the pleadings as to the counterclaim. Apparently, College City Drugs and Barnett renewed their motion to dismiss Finova’s complaint, again arguing that the trial court lacked subject-matter jurisdiction.[1] The trial court, on January 30, 2003, entered the following order:
“This matter is before the Court on the Defendants’ motion to dismiss for lack of subject matter jurisdiction. The Court, having considered the arguments of counsel and the order of the United States Bankruptcy Court for the Middle District of Florida, Tampa Division, finds that the Defendants’ motion is well taken and due to be granted. The Court finds that the Bankruptcy Court has retained jurisdiction and that this matter should be submitted to the Bankruptcy Court for further proceedings therein. This case is dismissed in its entirety, with each party to bear their own costs.”
Finova appeals.
Although neither Finova nor College City Drugs and Barnett has questioned this court’s appellate jurisdiction in this matter, we must consider whether we have jurisdiction over this appeal, because “ ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ ” Nobles v. Alabama Christian Academy, 724 So.2d 527, 529 (Ala.Civ.App.1998), quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987). This court has stated:
*813 “A final judgment is one that completely adjudicates all matters in controversy between all the parties.
“... An order that does not dispose of all claims or determine the rights and liabilities of all the parties to an action is not a final judgment. In such an instance, an appeal may be had ‘only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment [pursuant to Rule 54(b), Ala. R. Civ. P.]’ ”
Eubanks v. McCollum, 828 So.2d 935, 937 (Ala.Civ.App.2002) (citations omitted).
In the present case, the trial court entered an order dismissing Finova’s complaint alleging a breach of two lease agreements against College City Drugs and Barnett; however, College City Drugs and Barnett’s counterclaim remained pending because the court did not enter an order disposing of the counterclaim or granting Finova’s motion for a judgment on the pleadings as to that counterclaim. Further, there is no Rule 54(b), Ala. R. Civ. P., certification in the record as to the court’s order dismissing Finova’s complaint. Accordingly, we must dismiss this appeal as being from a nonfinal judgment.
APPEAL DISMISSED.
CRAWLEY, THOMPSON, PITTMAN, and MURDOCK, JJ., concur.

. Finova asserts in a proposed “Statement of the Evidence and Proceedings,” submitted to the trial court pursuant to Rule 10(d), Ala. R.App. P., that College City Drugs and Barnett renewed their motion at a pretrial conference at which no transcription or recording was made. The proposed statement of the evidence was served on College City Drugs and Barnett, and they did not object or propose any amendments to the proposed statement; however, it does not appear from the record that the trial court entered an order approving the proposed statement of the evidence. See Rule 10(d), Ala. R.App. P. This court granted Finova’s motion to supplement the record on appeal to include Finova’s proposed statement of the evidence and proceedings and an exhibit attached to the statement.