YATES, Presiding Judge.
Marshall and O’Neal Enterprises, Inc., d/b/a Sun Space Betterliving Patio Rooms (“Sun Space”) sued Calvin Miller (“Calvin”) on March 22, 2001, alleging a breach of contract and seeking compensation based on the doctrine of quantum meruit; Sun Space also filed a notice of lis pendens as to certain real property owned by Calvin and his wife, Mattie. Sun Space alleged in its complaint that it had contracted with Calvin to construct a patio room as an addition to the Millers’ house for $12,607.25; that Calvin had made a down payment of $4,000; and that Calvin had refused to pay $8,607.25, which was the balance owed to Sun Space at the time the patio room was completed.
Calvin answered and counterclaimed on April 19, 2001, alleging a breach of contract and contending that Sun Space had failed to construct the patio room according to specifications. On November 5, 2001, Sun Space moved to add Calvin’s wife, Mattie, as a defendant. On November 13, 2001, the trial court granted Sun Space’s motion to add Mattie as a defendant. On July 24, 2002, Mattie answered and counterclaimed, alleging a breach of contract and contending that Sun Space had failed to construct the patio room according to specifications.
*1243 Sun Space moved to dismiss the Millers’ counterclaims and to submit the counterclaims to arbitration, contending that the Millers had agreed to arbitrate any claims that they may have against Sun Space. On September 26, 2002, the trial court entered an order staying the Millers’ counterclaims against Sun Space, submitting those counterclaims to arbitration, and setting a trial date for Sun Space’s claims against the Millers.
Sun Space moved the court for a summary judgment on April 10, 2003; however, the court denied this motion on the basis that the motion was not filed within a sufficient time before the pending trial date. See Rule 56, Ala. R. Civ. P. Following an ore tenus proceeding, the trial court, on June 23, 2003, entered a judgment in favor of the Millers on Sun Space’s claims against them and ordered that Sun Space was entitled to keep the $4,000 down payment made by Calvin as reasonable compensation for the material and labor supplied by Sun Space in constructing the patio room. Sun Space appeals.
Although neither Sun Space nor the Millers have questioned this court’s appellate jurisdiction in this matter, we must consider whether we have jurisdiction over this appeal, because “ ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ ” Nobles v. Alabama Christian Acad., 724 So.2d 527, 529 (Ala.Civ.App.1998), quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987). This court has stated:
“A final judgment is one that completely adjudicates all matters in controversy between all the parties....
“... An order that does not dispose of all claims or determine the rights and liabilities of all the parties to an action is not a final judgment.... In such an instance, an appeal may be had ‘only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.’ See Rule 54(b), Ala. R. Civ. P.”
Eubanks v. McCollum, 828 So.2d 935, 937 (Ala.Civ.App.2002).
In the present case, the trial court entered an order staying the Millers’ counterclaims against Sun Space and submitting those claims to arbitration. It appears from the record that at the time of the trial the Millers’ counterclaims had yet to be arbitrated and that no report of arbitration had been submitted to the trial court; therefore, we conclude that the counterclaims are still pending. Further, there is no Rule 54(b), Ala. R. Civ. P., certification in the record as to the trial court’s June 23, 2003, judgment in favor of the Millers on Sun Space’s claims against them. Because the Millers’ counterclaims were stayed and are still pending in the trial court and because the trial court’s June 23, 2003, judgment as to Sun Space’s claims against the Millers was not certified as final pursuant to Rule 54(b), we dismiss this appeal as being from a non-final judgment.
APPEAL DISMISSED.
CRAWLEY, THOMPSON, PITTMAN, and MURDOCK, JJ., concur.