WOODALL, Justice.
 

 Johnnie Hall, Sr., appeals from an order of the Dallas Circuit Court. We dismiss his appeal, because the trial court’s order was not a final judgment.
 

 On April 8, 2004, Calvin E. Reynolds, James C. Reynolds, Annie Reynolds Perry, and Gwendolwyn Reynolds Amamoo (hereinafter referred to collectively as “the Moorer heirs”
 
 [1]
 
 ) sued Hall in the Dallas Circuit Court. The Moorer heirs’ complaint contained three counts. The first count alleged that Hall had trespassed upon and damaged property that, according to the Moorer heirs, was owned by the Moorer heirs. For the alleged trespass, the Moorer heirs requested compensatory damages. In the second count, the Moor-er heirs sought a preliminary injunction preventing Hall “during the pendency of [the] action from building a fence or trespassing on [their] property,” as well as “a permanent order enjoining [Hall] from trespassing on [their] property.” Finally, in the third count, the Moorer heirs alleged that there was an actual controversy between Hall and them concerning the ownership of the property on which Hall had allegedly trespassed (“the disputed strip”), and they sought a judgment declaring the property rights of the parties with regard to the disputed strip. The parties agree that, in order to declare such rights, it would be necessary for the trial court to locate and define the boundary line between the property claimed by the Moorer heirs and the property claimed by Hall.
 

 On May 3, 2004, the trial court entered an order stating that a preliminary injunction was due to be granted, but, in the same order, it scheduled a hearing on the request for the injunction. The clerk’s record contains no other reference to preliminary or permanent injunctive relief.
 

 A bench trial was held. The Moorer heirs presented their testimony on August 25, 2005. The trial was not resumed until September 20, 2006, when Hall presented his defense. After an unexplained delay, the trial court entered what it titled a “Final Order and Judgment” on July 29,
 
 *481
 
 2008. The order stated only “that judgment be and hereby [is] rendered in favor of the [Moorer heirs] and against [Hall].” Hall then filed what purported to be a postjudgment motion, which the trial court denied on November 11, 2008. On December 22, 2008, Hall filed a notice of appeal to this Court.
 

 “It is ‘our time-honored rule that a final judgment is an essential precondition for appealing to this Court.’
 
 John Crane-Houdaille, Inc. v. Lucas,
 
 534 So.2d 1070, 1073 (Ala.1988).”
 
 BE & K, Inc. v. Baker,
 
 875 So.2d 1185, 1188 (Ala.2003).
 

 “... ‘[I]t is not the title of an order that makes it final; rather, the test of a judgment’s finality is whether it sufficiently ascertains and declares the rights of the parties.’
 
 Ex parte DCH Reg’l Med. Ctr.,
 
 571 So.2d 1162, 1164 (Ala.Civ.App.1990) (citing
 
 McCulloch v. Roberts,
 
 290 Ala. 303, 276 So.2d 425 (1973)). ‘An appeal will ordinarily lie only from a final judgment; that is, a judgment that conclusively determines the issues before the court and ascertains and declares the rights of the parties.’
 
 Palughi v. Dow,
 
 659 So.2d 112, 113 (Ala.1995).”
 

 Queen v. Belcher,
 
 888 So.2d 472, 475 (Ala.2003).
 

 The trial court’s order of July 29, 2008, is not a final judgment — for several reasons. In fact, it fails to adequately ascertain and declare the rights of the parties in practically every conceivable manner. For example, the Moorer heirs’ trespass claim includes a claim seeking compensatory damages, but the order neither awards nor denies monetary relief. Such an order is not final. See
 
 Certain Underwriters at Lloyd’s, London v. Southern Natural Gas Co.,
 
 939 So.2d 21, 27-28 (Ala.2006). Also, the Moorer heirs requested permanent injunctive relief, but the order neither awards nor denies such relief. Although the trial court may have intended to grant injunctive relief by simply entering a judgment in favor of the Moorer heirs, it did not do so, and it followed none of the mandatory requirements of Rule 65(d)(2), Ala. R. Civ. P. See
 
 Appalachian Transp. Group, Inc. v. Parks,
 
 738 So.2d 878, 883 (Ala.1999). Further, the trial court’s order does not locate or define the relevant boundary line, see § 35-3-3, Ala.Code 1975, or otherwise declare the rights of the parties with regard to the disputed strip.
 

 The trial court’s order did not conclusively determine the issues before it, nor did it ascertain or declare the rights of the parties. Consequently, the order is not a final judgment, and this appeal must be dismissed.
 

 APPEAL DISMISSED.
 

 COBB, C.J., and SMITH, PARKER, and SHAW, JJ., concur.
 

 [1]
 

 . The property was at one time owned by Broley Moorer and his wife Minnie Lee Moor-er. The Moorer heirs are their descendants.