PER CURIAM.
 

 In this
 
 Anders
 

 [1]
 

 case, the appellant challenges the sentence imposed after his rule 8.800(a) motion was granted in part and he was resentenced. We reverse and remand.
 

 The record reveals that when the trial court resentenced the appellant he was not represented by counsel. A resentencing is a de novo proceeding to which “the full panoply of due process considerations attaches.”
 
 Gonzalez v. State,
 
 888 So.2d 1242 (Fla. 1st DCA 2003). As such, the defendant was entitled to representation of counsel at this critical stage of the proceedings.
 
 Id.; Sandoval v. State,
 
 884 So.2d 214 (Fla. 2d DCA 2004). Here, there is no waiver of counsel in the record,
 
 [2]
 
 and therefore, the trial court erred when it failed to appoint counsel for the re-sentencing hearing.
 
 Gonzalez,
 
 838 So.2d at 1243. Such an error is never harmless and need not be preserved.
 
 Id.
 
 The state concedes that the appellant is entitled to be resentenced.
 

 Accordingly, we vacate the appellant’s sentence and remand for resentencing consistent with this opinion.
 

 WOLF, BENTON, and PADOVANO, JJ., concur.
 

 [1]
 

 .
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
 

 [2]
 

 . When a defendant makes clear his desire to represent himself at a critical stage, the trial court is obligated to conduct a
 
 Faretta
 
 inquiry to determine if a defendant is knowingly and intelligently waiving his right to counsel and is "aware of the dangers and disadvantages of self-representation.”
 
 Faretta v. California,
 
 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Fla. R.Crim. P. 3.111(d)(2). No such hearing was held.