DONALDSON, Judge.
Ann Welch and Gary Welch appeal from a judgment of the Calhoun Circuit Court in favor of Nunnally’s Glass and Framing, Inc. We dismiss this appeal because the trial court’s judgment is not final.

*1243
Facts

This case involves claims of trademark or tradename infringement between two businesses operating in Anniston. From 1983 until their divorce in 1990, Linda Nunnally and Ken Nunnally jointly operated Nunnally’s Glass and Framing Company, Inc., a business specializing in picture and poster framing. The Nunnallys’ 1990 divorce, judgment awarded Linda Nunnally the framing portion of the business and related inventory. The divorce judgment awarded Ken Nunnally the glasswork portion of the business. Linda Nunnally operated the framing business as “Nunnally’s Frame Shop” until 1995, at which time she sold it to the Welches. Following the divorce, Ken Nunnally operated a separate business called “Nunnally Glass Company,” and his work focused on installing or repairing storefront and automobile windows. Ken Nunnally eventually sold the glass business and all of the outstanding stock in Nunnally’s Glass and Framing Company, Inc., to Guy Sparks. Sparks continued to operate the business as “Nun-nally Glass Company,” and he performed only storefront and automobile glasswork. At some point before to the filing of the complaint, the Welches alleged, Sparks began to operate his business under the name “Nunnally Glass and Framing, Inc.”
On July 28, 2008, the Welches instituted this action in the Calhoun Circuit Court naming as defendants Nunnally’s Glass and Framing Company, Inc., and Sparks[1] and requesting that the defendants be enjoined from using or operating under the name “Nunnally Glass and Framing, Inc.” The complaint also included a request for damages, because, the Welches contended, the defendants’ use of the name “Nunnally’s Glass and Framing, Inc.,” resulted in injury to the Welches’ business, “Nunnally’s Frame Shop.” Sparks, individually and as owner of “Nunnally’s Glass and Framing Company, Inc.,” filed an answer and a counterclaim in which he sought damages from the Welches for infringing upon his corporate tradename.
On March 25, 2009, the Welches filed an application for a preliminary injunction. On April 13, 2009, the trial court entered an order setting a hearing on the application for a preliminary injunction for April 22, 2009. On April 21, 2009, the trial court continued the hearing to July 22, 2009, but, apparently, no hearing was held on that date. The trial court subsequently entered an order on October 21, 2009, setting the hearing on the application for November 17, 2009. The aforementioned orders indicate that the trial court was setting only the application for a preliminary injunction for a hearing. The hearing on the application for a preliminary injunction was ultimately heard on November 17, 2009, with both parties present and represented by counsel.
On May 2, 2012, the trial court entered a judgment in which it stated that the ease had been “called for trial.” In the judgment, the trial court declined to enter the injunction and otherwise purported to “find[ ] in favor of the Defendant.” The Welches filed a motion to alter, amend, or vacate the judgment on May 7, 2012; the record indicates that the trial court never ruled on the motion. The Welches ultimately appealed to this court. On appeal, the Welches contend that they did not receive notice of a trial setting pursuant to Rule 40(a), Ala. R. Civ. P., regarding setting cases for trial, and that they were denied a trial on the merits.[2]

*1244
Discussion

In its May 2, 2012, judgment, the trial court denied the Welches’ request for a preliminary injunction.[3] The judgment does not, however, dispose of the defendants’ counterclaim for damages arising from the Welches’ alleged infringement of the defendants’ corporate tradename nor does the judgment specifically address the Welches’ claim for damages. Therefore, the judgment is not final and this court lacks jurisdiction to consider the appeal:
“Generally, this court’s appellate jurisdiction extends only to final judgments. § 12-22-2, Ala.Code 1975.
“‘A judgment is generally not final unless all claims, or the rights or liabilities of all parties, have been decided. Ex parte Harris, 506 So.2d 1003, 1004 (Ala.Civ.App.1987). The only exception to this rule of finality is when the trial court directs the entry of a final judgment pursuant to Rule 54(b), Ala. R. Civ. P.’
“Laney v. Garmon, 25 So.3d [478] at 480 [ (Ala.Civ.App.2009) ].”
Austin v. Austin, 102 So.3d 403, 406 (Ala. Civ.App.2012). Rule 54(b), Ala. R. Civ. P., provides, in part:
“When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.”
There is no indication that the trial court intended to certify its judgment as final under Rule 54(b). This court does not have jurisdiction to consider an appeal from a nonfinal judgment that has not been appropriately certified pursuant to Rule 54(b). See, e.g., Finova Capital Corp. v. College City Drugs, 885 So.2d 811, 813 (Ala.Civ.App.2004) (dismissing an appeal because a counterclaim remained pending and the trial court did not certify the judgment as final pursuant to Rule 54(b)); see also Hall v. Reynolds, 27 So.3d 479 (Ala.2009) (dismissing an appeal when an order establishing a boundary line did not address claims for damages and for injunctive relief); and Day v. Davis, 989 So.2d 1118 (Ala.Civ.App.2008) (dismissing an appeal when a judgment establishing a boundary line did not address remaining tort claims).
Finally, although Rule 65(a)(2), Ala. R. Civ. P., authorizes the trial court, “[b]efore or after the commencement of the hearing of an application for a preliminary injunction [to] order the trial of the action on the merits to be advanced and consolidated with the hearing of the application,” there is no indication in the record that that procedure was followed in this cases. In fact, the Welches specifically argue on appeal that no trial on the merits was held.
For the reasons stated above, this court lacks jurisdiction to hear the appeal because all claims of all parties have not been *1245 adjudicated; accordingly, we dismiss the appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. The complaint also listed fictitiously named defendants; however, the Welches have not substituted parties for these fictitiously named defendants.

. Nunnally's Glass and Framing Company, Inc., has not filed a brief on appeal.

. Although Rule 4(a)(1)(A), Ala. R.App. P., requires an appeal from an interlocutory order denying a request for an injunction to be filed within 14 days of the date of entry of the order or judgment, the Welches have not appealed the denial of the preliminary injunction as an interlocutory order. The Welches, instead, assert that they did not receive notice of a trial setting in this case as required by Rule 40, Ala. R. Civ. P.; and that judgment on the matter should not have been made final since the November 17, 2009, hearing was not a trial on the merits. Thus, we do not dismiss based upon untimely filing of an appeal pursuant to Rule 4(a)(1)(A).