Rel: June 7, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024

_____

## CL-2023-0531

_____

### Nicole Ann Norman

### v.

### Walter Earl Norman, Jr.

### Appeal from Lamar Circuit Court
### (DR-22-10)

FRIDY, Judge.

Nicole Ann Norman ("the mother") appeals from a judgment of the Lamar Circuit Court ("the trial court") modifying a previous child-custody award that was included in a judgment divorcing the mother and

Walter Earl Norman, Jr. ("the father"). For the reasons discussed herein, we dismiss the mother's appeal as untimely filed.

<u>Background and Procedural History</u>

On November 13, 2021, the Fayette Circuit Court entered a judgment divorcing the parties that incorporated an agreement between the parties. Pursuant to that judgment, the mother and the father shared joint legal custody of their three children ("the children") while the mother was awarded sole physical custody of the children. Additionally, the Fayette Circuit Court awarded the mother the marital residence in Millport. She was to assume the mortgage, refinance that mortgage within six months, and pay the father one-half of the equity accrued as of the date she refinanced it. After the mother and the father's divorce, the mother and the children resided in the marital residence while the father resided in a rental home approximately 800 yards from the marital residence.

On May 3, 2022, the mother notified the father by certified mail that she intended to move with the children to Northport, around forty-eight miles away. In her letter, the mother noted that each child would be attending a different school in Northport. She also advised the father

2

that she did not plan to purchase the marital home and offered to sell it to him, stating:

> "My attorney has advised me to offer you the option of purchasing the [marital residence] first. Otherwise the [marital residence] will be placed on the market with a mutually agreed upon realtor. If you choose to purchase the [marital residence], I will accept 45% of the equity rather than 50% that will come from the [marital residence] being purchased from someone else."

In response to the mother's letter, on May 12, 2022, the father filed a petition for modification, to hold the mother in contempt, or, in the alternative, to enforce the divorce judgment. He argued that, since the entry of the divorce judgment, there had been a material change in circumstances, and he requested physical custody of the children in light of the mother's proposed move "so as to overcome any disruptive effects that may occur from uprooting the children from their current environment or modifying their schedule." He also requested that the mother be held in contempt for allegedly violating the provision of the divorce judgment regarding the marital residence. He alleged that the mother's May 3, 2023, letter advising him that she planned to sell the marital home included "options or procedures" to which he had not agreed, and he additionally alleged that the mother "ha[d] willfully failed

3

to take any steps towards refinancing the [marital] residence within the six-month period in willful breach of the [divorce judgment]."

The father filed a motion for pendente lite relief, seeking pendente lite custody of all three children. After a hearing, the Fayette Circuit Court awarded pendente lite custody of the two oldest children, N.N. and J.N., to the father, and awarded pendente lite custody of the youngest child, G.N., to the mother beginning on July 17, 2022. The mother and the father continued to share joint legal custody of the children.

At the mother's request, the Fayette Circuit Court transferred the father's petition to the trial court on August 2, 2022, on the ground that, "it appears the parties and [the] children have resided in Lamar County throughout the length of the parties' marriage, and no party or child currently resides or has resided in Fayette County, Alabama."

On December 8, 2022, the parties stipulated to bifurcate the trial of the claims raised in the father's petition. A trial was held on December 8 and December 15, 2022, during which the trial court heard evidence regarding the claim of custody modification. On December 20, 2022, the trial court entered an order granting the father sole physical custody of the children. The order stated that the mother and father would continue

4

to share joint legal custody of the children. Noting the requirements in Ex parte McLendon, 455 So. 2d 863 (Ala. 1984), the trial court found that "the positive good brought by the change in custody to [the father] outweighs the negative impact in uprooting the children from their current environment" and that, "[a]s it currently stands, the [trial court] believes that the move to Tuscaloosa would in fact be uprooting [the children] from their current environment which includes a deep family, friend and school support system." The trial court reserved jurisdiction over the claims of child support and contempt.

On December 31, 2022, the mother filed what she called a motion to alter, amend, or vacate the custody order. The trial court denied the motion on January 31, 2023.

On January 24, 2023, the trial court held a hearing on the contempt claim, which involved the father's allegations that the mother had failed to abide by the terms in the divorce judgment regarding the marital residence. On January 27, 2023, the trial court entered an order that read:

> "[The father]'s Petition for Contempt came before the Court on January 24, 2023, pursuant to the Parties' stipulation on December 8, 2022, to bifurcate the trial of the issues in the [father]'s Petition. The Court has already ruled

5

on the child custody modification request in the [father]'s Petition. [The mother] and [the father] with their respective attorneys were present in Court. The Parties, through counsel, represented to the Court that an agreement was reached resolving all remaining issues by modifying the 'Real Property' provision in the Parties' original divorce agreement. Therefore, IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

"1. [The father] shall be awarded ownership of the marital residence and shall assume and pay the mortgage thereon;

"2. [The mother] shall quitclaim her interest in the marital residence to [the father]; and

"3. [The father] shall pay $4,000.00 to [the mother] within 90 days of this Order."

(Capitalization in original.)

Having resolved the contempt claim, the sole issue left for adjudication related to child support. On March 27, 2023, the trial court resolved that issue, entering an order requiring that the mother pay monthly child support in accordance with the guidelines set forth in Rule 32, Ala. R. Jud. Admin. On April 25, 2023, the mother filed a postjudgment motion to alter, amend, or vacate the custody order. On May 3, 2023, the trial court denied the mother's postjudgment motion.

On June 9, 2023, the mother filed a motion for the entry of a final judgment, contending that the January 27, 2023, order "failed to fully

dispose of the [father]'s petition for contempt as it omitted a disposition of [the father]'s contempt claim." She argued that "no other subsequent order entered in this case makes a disposition of the issue of contempt" and, as a result, she said, "a complete adjudication of all matters in controversy between the parties has not yet occurred." The mother requested that the trial court "enter a final order which addresses and disposes of the issue of contempt." On June 12, 2023, the trial court entered an order titled "Final Order," in which it wrote, in part:

"1.  That the [mother]'s Motion is due to be GRANTED.

"2.  That all previous Orders entered by this Court shall remain in full force and effect.

"3.  That all other relief requested by either party or by the [father] in his Petition to Modify and Petition for Contempt, which is not otherwise addressed in those previous orders, shall be DENIED."

(Capitalization in original.)

On June 21, 2023, the mother filed another postjudgment motion to alter, amend, or vacate the child-custody-modification order, which the trial court denied on the same date. On July 31, 2023, the mother filed her notice of appeal to this court.

## Analysis

7

The father contends that the mother's notice of appeal was untimely filed and, as a result, that her appeal is due to be dismissed. He argues that the March 27, 2023, order constituted the final judgment for purposes of appeal and that the June 12, 2023, order was a nullity. We agree.

A final judgment "'conclusively determines the issues before the court and ascertains and declares the rights of the parties involved.'" Wright v. Wright, 882 So. 2d 361, 363 (Ala. Civ. App. 2003) (quoting Bean v. Craig, 557 So. 2d 1249, 1253 (Ala. 1990)). A notice of appeal from a final judgment must be filed within forty-two days of the date of the judgment. See Rule 4(a)(1), Ala. R. App. P.

> "Rule 4(a)(3), Ala. R. App. P., provides that the filing of a postjudgment motion made pursuant to Rule 59[, Ala. R. Civ. P.,] may toll the running of the time for filing a notice of appeal until (1) the motion is ruled on by the court, or (2) the date the motion has been denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P."

Brown v. Brown, 808 So. 2d 40, 41-42 (Ala. Civ. App. 2001). "The timely filing of the notice of appeal is a jurisdictional act," and "[f]ailure to appeal within the prescribed time is fatal and requires that the appeal be dismissed ex mero motu." Rudd v. Rudd, 467 So. 2d 964, 965 (Ala. Civ. App. 1985). See also Nobles v. Alabama Christian Acad., 724 So. 2d 527,

8

529 (Ala. Civ. App. 1998). The trial court entered the judgment in this case piecemeal; therefore, we must determine when the judgment was final for purposes of appeal.

As noted above, the father's petition for contempt came before the trial court on January 24, 2023. The order the trial court entered after that hearing states that the parties represented to the trial court that they had reached an agreement "resolving all remaining issues" and, in resolution of the issues (including the contempt issue), the trial court effected the parties' agreement by modifying the divorce judgment to award the father the marital residence, requiring the mother to quitclaim her interest in the marital residence to the father, and requiring the father to pay the mother $4,000. Upon entry of that order modifying the parties' divorce judgment as per their agreement resolving the issues in dispute, there was nothing left for the trial court to do relative to the father's contempt petition. Put another way, the January 27, 2023, order conclusively ascertained and declared the rights of the parties regarding the marital residence and left nothing to be adjudicated regarding the father's contempt claim.

After the trial court entered the January 27, 2023, order, the only claim left to adjudicate related to child support. The March 27, 2023, child-support judgment conclusively adjudicated the final claim in the case and, at that time, the judgment was final and appealable. See Wright, 882 So. 2d at 363. Therefore, after the trial court denied the mother's postjudgment motion on May 3, 2023, the mother had forty-two days -- until June 14, 2023 -- to file her notice of appeal. See Rule 4(a)(1), Ala. R. App. P. The mother did not file her notice of appeal until July 31, 2023, and it was therefore untimely.

The fact that the mother filed a second postjudgment motion after the trial court purported to enter an order titled "Final Order" on June 12, 2023, does not change the outcome here. After denying the mother's postjudgment motion on May 3, 2023, the trial court lost jurisdiction over the matter, and, as a result, its purported "final order" of June 12 was a nullity and could not extend the time for the mother to file a notice of appeal. See Woodget v. State Dep't of Hum. Res., 184 So. 3d 409, 410 (Ala. Civ. App. 2015) (holding that after the trial court denied party's postjudgment motion, that court lost jurisdiction over the matter and "any orders … entered from that point forward were entered in the

absence of subject-matter jurisdiction and, therefore, [were] nullities");

Hargrove v. Hargrove, 65 So. 3d 950, 952 (Ala. Civ. App. 2010) ("Once the trial court entered the order denying the wife's postjudgment motion on May 13, 2010, the trial court lost jurisdiction of the case and was thereafter without authority to enter additional orders that would extend the time for appealing the March 5, 2010, final judgment.").

Conclusion

The March 27, 2023, judgment directing the mother to pay child support conclusively adjudicated the final claim in the action, and, at that time, the judgment was final and appealable. See Wright, 882 So. 2d at 363. The mother failed to file her notice of appeal within 42 days of the denial of her postjudgment motion on May 3, 2023. As a result, her notice of appeal was untimely, and her appeal is due to be dismissed. See Rule 2(a)(1), Ala. R. App. P.

APPEAL DISMISSED.

Moore, P.J., and Edwards, Hanson, and Lewis, JJ. concur.

11