Jeffrie C. Turner ("the mother") appeals from an order directing her and Charles Gregory Turner ("the father") to calculate the past and future child-support obligations of the father.
Although neither party has raised the issue of this court's jurisdiction over this appeal, we note that "jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu." Nunn v. Baker,518 So.2d 711, 712 (Ala. 1987). Because we find that there was no final judgment that would support an appeal, we dismiss the appeal.
The parties were divorced by a judgment of the Henry Circuit Court on June 27, 2001. That judgment provided that the father would pay $1,000 per month in child support for the parties' two children. On February 19, 2002, the father petitioned for a modification of his child-support obligation, based on the parties' older child having reached the age of majority. At an evidentiary hearing at which both parties presented evidence and testimony, the father also argued that he had had a reduction in his income.
Following the evidentiary hearing, the trial court entered an order on July 19, 2002. That order directed the parties to calculate the amount of past-due child support that was owed by the father at the time he filed his petition to modify *Page 234 
and to recalculate the father's child-support obligation for the parties' remaining minor child in compliance with the child-support guidelines (see Rule 32, Ala. R. Jud. Admin.) based on the parties' respective monthly incomes as found by the trial court. The trial court made no finding as to the actual amount of the child-support arrearage owed by the father or the proper amount of child support to be paid by the father in the future. Instead, the court stated, "If the parties further need the Court's guidance, a hearing can be set to clarify any of the above."
 "It is well established that a final judgment is a `terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants.' Tidwell v. Tidwell, 496 So.2d 91, 92 (Ala.Civ.App. 1986). Further, the judgment must be conclusive and certain with all matters decided, including the assessment of damages with specificity for a sum certain determinable without resorting to extraneous facts."
Dees v. State, 563 So.2d 1059, 1061 (Ala.Civ.App. 1990). See,e.g., Moody v. State ex rel. Payne, 351 So.2d 547, 551 (Ala. 1977) ("Where the amount of damages is an issue, . . . the recognized rule of law in Alabama is that no appeal will lie from a judgment which does not adjudicate that issue by ascertainment of the amount of those damages.").
This court recently applied the foregoing principles inWilliams Power, Inc. v. Johnson, 880 So.2d 459 (Ala.Civ.App. 2003). In Williams Power, Inc., we dismissed an appeal from a judgment in a workers' compensation case because the trial court ordered "`that the defendant, Williams Power Corporation, shall reimburse the plaintiff for any and all medical expenses already paid by him,'" but it did not specify an actual amount of money damages that the defendant was obligated to pay. 880 So.2d at 460.
The trial court's order in the present case is not a final judgment that will support an appeal. The order contains no conclusive assessment of any amounts owed by the father and therefore does not represent a complete determination of the matters in controversy between the parties.
The appellant's and the appellee's requests for the award of an attorney fee on appeal are denied.
APPEAL DISMISSED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.