Jennifer Lynn Anderson, the mother, appeals from a judgment of the Winston Circuit Court awarding Christopher Hill Anderson, the father, primary physical custody of the parties' daughter. Although neither party has raised the issue of this court's jurisdiction over this appeal, "jurisdictional matters are of such magnitude that we take notice of them at any *Page 1009 
time and do so even ex mero motu." Nunn v. Baker,518 So.2d 711, 712 (Ala. 1987). Because we find that there was no final judgment that would support an appeal, we dismiss the appeal.
In January 2003, the mother filed a petition to modify custody in the Winston Circuit Court. The mother alleged that the parties had been divorced by a judgment entered by the trial court in April 2002 and that the divorce judgment awarded the parties joint custody of their daughter, with each party having physical custody during alternating weeks. The mother alleged that a material change in circumstances had occurred and that it would be in the child's best interest for her to be awarded primary physical custody. The father initially filed an answer denying that a change in custody was warranted. He later filed a counterclaim requesting that the trial court award him primary physical custody of the child and requesting that the trial court require the mother to pay him child support pursuant to the Child Support Guidelines. See Rule 32, Ala. R. Jud. Admin.
After an ore tenus proceeding, the trial court entered an order in September 2003 awarding the father primary physical custody of the child and awarding the mother standard visitation. The order also stated:
 "2. [The mother] will pay child support to [the father] in accordance with Rule 32 of the Alabama Rules of Judicial Administration. The said sum will be calculated after the parties have submitted their income data to their respective attorneys, and this Order will be supplemented to specify such payment."
The father subsequently submitted a CS-41 Child Support Obligation Income Statement. The record, however, does not contain a CS-41 form from the mother or an order from the trial court specifying the amount of the mother's child-support obligation. The mother appeals, contending that the trial court's judgment awarding custody to the father was plainly and palpably wrong.
As this court stated in Turner v. Turner, 883 So.2d 233
(Ala.Civ.App. 2003):
 "`It is well established that a final judgment is a "terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants." Tidwell v. Tidwell, 496 So.2d 91, 92 (Ala.Civ.App. 1986). Further, the judgment must be conclusive and certain with all matters decided, including the assessment of damages with specificity for a sum certain determinable without resorting to extraneous facts.'
 "Dees v. State, 563 So.2d 1059, 1061 (Ala.Civ.App. 1990). See, e.g., Moody v. State ex rel. Payne, 351 So.2d 547, 551 (Ala. 1977) (`Where the amount of damages is an issue, . . . the recognized rule of law in Alabama is that no appeal will lie from a judgment which does not adjudicate that issue by ascertainment of the amount of those damages.')."
Turner, 883 So.2d at 234.
Where a party has requested child support and the trial court's purported judgment contains no conclusive assessment of the child-support obligation, the trial court has not completely adjudicated the matters in controversy between the parties. SeeTurner, 883 So.2d at 234; see also Tomlinson v. Tomlinson,816 So.2d 57, 58 (Ala.Civ.App. 2001) (holding that a judgment modifying custody was not final for purposes of appeal where the judgment also stated: "`Child support to be paid by [the mother] to [the father] shall be determined upon the prompt submission of Child Support Income Affidavits (CS-41) by the parties,'" and where "[t]he record contain[ed] no further submissions or orders *Page 1010 
of the court relating to child support"); cf. Reid v. Reid,844 So.2d 1212 (Ala.Civ.App. 2002) (holding that a judgment modifying custody, but reserving the issue of requested child support, was not a final judgment for purposes of appeal).
The trial court's judgment in the present case is not a final judgment that will support an appeal because the trial court has not determined the amount of the mother's child-support obligation as requested by the father. Accordingly, the mother's appeal must be dismissed.
APPEAL DISMISSED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.