Kathy Bowen ("the former wife") and Stanley Bowen ("the former husband") were divorced in August 2002. The former wife was awarded custody of the parties' two children. The former husband was required to pay child support and alimony. In addition, among other things, the divorce judgment required the former husband to pay certain debts of the parties.
The former husband became delinquent in his alimony payments and failed to comply with certain other requirements of the divorce judgment, so the former wife moved to have the former husband held in contempt in February 2003. The former wife's motion was docketed as case number DR-01-1171.01. The former husband answered the wife's motion and counter-claimed for a reduction in alimony and in child support based upon his loss of income due to disability. The contempt issues and the modification issues were finally addressed in a judgment entered on April 6, 2005, in which the trial court did not find the former husband in contempt, determined the former husband's alimony and child-support arrearages, modified the former husband's child-support obligation, and did not modify the former husband's alimony obligation. The former husband filed a Rule 59, Ala. R. Civ. P., motion to alter, amend, or vacate the April 7 judgment on April 29, 2005. In that motion, he also sought a modification of custody. The former wife objected to the former husband's request to modify custody, which had not been an issue in the case. The trial court entered an order on the former husband's postjudgment motion on October 25, 2005. In that order, the trial court stated that the parties had "agreed to waive any time constraints on a post-judgment ruling." The court further determined *Page 903 
that the former wife would receive $7,666 in Social Security benefits that the parties' children were due to receive as a result of the former husband's disability; the trial court credited $2,778.18 of that amount against the former husband's alimony arrearage and ordered that the remaining $4,887.82 should be credited against the former husband's future alimony payments.
The State Department of Human Resources ("DHR"), on behalf of the former wife, moved to have the former husband held in contempt regarding the former husband's child-support arrearage in March 2005. That action was docketed as case number DR-01-1171.02. The trial court dismissed that case without prejudice in October 2005.
After the former wife objected to the former husband's attempt to inject the custody issue into case number DR-01-1171.01, the former husband filed a separate action seeking custody in May 2005. That action was docketed as case number DR-01-1171.03. The parties reached an agreement regarding custody, which was reflected in the trial court's October 25, 2005, judgment. That judgment reflected that it was entered in both case number DR-01-1171.01 and case number DR-01-1171.03.
DHR appeals from the October 25, 2005, judgment entered in both case number DR-01-1171.01 and case number DR-01-1171.03 insofar as the judgment awards the former husband a credit toward his alimony arrearage and a credit toward his future alimony payments based on the former wife's receipt of Social Security benefits allegedly due the parties' children as a result of the former husband's disability. Because DHR was not a party below, because the record does not reflect that DHR intervened in either case number DR-01-1171.01 or case number DR-01-1171.03, and because DHR did not demonstrate that it is the real party in interest, we conclude that DHR is not a proper party to bring an appeal from the October 25, 2005, judgment, and, therefore, we dismiss the appeal.
"To have standing to appeal a judgment, one must have been a party to the judgment below. The caption of the complaint indicates the parties to a judgment on that complaint."Triple J Cattle, Inc. v. Chambers, 621 So.2d 1221,1223 (Ala. 1993) (citation omitted). As noted above, case number DR-01-1171.01 was a contempt action instituted by the former wife and case number DR-01-1171.03 was a custody-modification action instituted by the former husband. The captions in both complaints contain only the names of the former husband and the former wife. The caption of the October 25, 2005, judgment entered in both cases contains only the names of the former husband and the former wife. The case-action-summary sheet pertaining to both actions does not indicate that DHR was made a party to either action. The only action to which DHR was a party was the action instituted by it in case number DR-01-1171.02, and that action was dismissed.
Thus, because "one who is not a party to a cause cannot appeal," we dismiss the appeal. Sho-Me Motor Lodges, Inc.v. Jehle-Slauson Constr. Co., 466 So.2d 83, 88 (Ala. 1985) (dismissing the appeal of a purported appellant who was not a party aggrieved by a judgment it attempted to appeal).
DHR also argues that it is entitled to a writ of mandamus because, it alleges, the October 25, 2005, judgment is void because it was entered more than 90 days after the former husband's postjudgment motion was filed. See Rule 59.1, Ala. R. Civ. P.; and State v. Redtop Market, *Page 904 937 So.2d 1013, 1014 (Ala. 2006). The former husband supplemented the record with a statement indicating that the parties agreed in open court to extend the 90-day period to rule on his postjudgment motion but that the court reporter failed to record the agreement. Although DHR's attorney challenges the supplementation, presenting an affidavit from the attorney who represented DHR in the trial court stating that she never agreed to extend the 90-day period, because we have concluded that DHR was never a party to either case number DR-01-1171.01 or case number DR-01-1171.03, DHR's consent would not have been required to extend the 90-day period. In addition, we note that DHR's appeal was filed on April 3, 2006, more than 42 days after the entry of the October 25, 2005, judgment. Therefore, if DHR's appeal had been treated as a petition for a writ of mandamus, it would have been presumptively untimely. Rule 21(a), Ala. R.App. P.; and Ex parte Fiber Transp.,L.L.C., 902 So.2d 98 (Ala.Civ.App. 2004). We therefore decline to treat DHR's appeal as a petition for a writ of mandamus.
APPEAL DISMISSED.
THOMPSON, PITTMAN, and BRYAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.