963 So.2d 97 (2007)
N.H.
v.
T.A.P.
2050908.
Court of Civil Appeals of Alabama.
February 9, 2007.
*98 David Murphree, Birmingham, for appellant.
Charles H. Dunn of Boyd, Fernambucq, Vincent & Dunn, Birmingham, for appellee.
BRYAN, Judge.
T.A.P. sued N.H. ("the mother") in July 2005, asserting that he was the biological father of T.A.P., Jr. ("the child"), alleging that the child was dependent, and seeking custody of the child.
At trial T.A.P. admitted that his initial allegation that the mother had denied the child medical care was not true. T.A.P. also stated that he felt it would be in the best interests of the child for the child to be placed into his custody. T.A.P. made no effort to prove that the child was dependent. Although T.A.P.'s initial complaint did not request child support, T.A.P. stated at trial that he was also seeking child support. The mother did not object to T.A.P.'s request for child support, and the issue was evidently tried by the consent of the parties. See Rule 15(b), Ala. R. Civ. P. ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.").
The trial court determined T.A.P. to be the biological father of the child, granted physical custody of the child to T.A.P. (hereinafter "the father"), and ordered that the parties should continue the visitation schedule already in place; however, it did not address the issue of child support in its judgment.[1] The mother appeals the trial court's judgment to this court.
However, we cannot address the merits of the mother's appeal because we lack jurisdiction over her appeal. Although neither party has questioned this court's appellate jurisdiction, jurisdictional matters are of such importance that we take notice of them at any time and do so *99 even ex mero motu. E.g., Wright v. Wright, 882 So.2d 361, 363 (Ala.Civ.App. 2003). This court does not have jurisdiction over an appeal from an order or judgment that is nonfinal. See, e.g., K.L.U. v. M.C., 809 So.2d 837, 840 (Ala.Civ.App. 2001). The reviewing court, on a determination that a judgment is not final, has a duty to dismiss the case. Hubbard v. Hubbard, 935 So.2d 1191, 1192 (Ala.Civ. App.2006).
A final judgment is one that "`disposes of all claims or the rights and liabilities of all parties.'" Wright, 882 So.2d at 363 (quoting Carlisle v. Carlisle, 768 So.2d 976, 977 (Ala.Civ.App.2000)). In Anderson v. Anderson, 899 So.2d 1008, 1009 (Ala.Civ. App.2004), this court stated that "[w]here a party has requested child support and the trial court's purported judgment contains no conclusive assessment of the child-support obligation, the trial court has not completely adjudicated the matters in controversy between the parties." This court dismissed the appeal in Anderson because the trial court did not determine the amount of the mother's child-support obligation as had been requested by the father in his counterclaim. Id. at 1010.
In the case now before us, the father made a claim for child support at trial. The trial court's judgment did not dispose of that claim. Therefore, the trial court's judgment was not a final judgment. See Wright.
Accordingly, we must dismiss the mother's appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
NOTES
[1] The fact that this case began as a dependency proceeding but was tried as a custody dispute may raise questions as to the trial court's jurisdiction over the matter; however, the fact that the parents of the child were never married indicates that the trial court was the proper forum to determine the custody of the parties' child. See Thomas v. Vanhorn, 876 So.2d 488, 489 n. 1 (Ala.Civ.App.2003)(noting that in Jefferson County the Jefferson Family Court exercises jurisdiction over juvenile-court actions); § 12-15-31(2), Ala.Code 1975 (providing that juvenile courts shall have exclusive original jurisdiction in proceedings to establish paternity of a child born out of wedlock); and § 12-15-30(b)(1), Ala.Code 1975 (providing that juvenile courts shall exercise exclusive original jurisdiction of proceedings to determine custody of a child when the child is otherwise before the court).