On August 26, 1997, Edward L. Berry ("the father") and Malissa D. Faulk ("the mother") were divorced by a judgment entered by the Houston Circuit Court. In the divorce judgment, the court awarded the parties joint legal custody of the child born of their marriage; the mother was awarded primary physical custody of the child. On May 26, 2006, the father filed a petition for modification of the divorce judgment in which he requested, among other things, that the court award him custody of the child, that the court order the mother to pay child support in accordance with Rule 32, Ala. R. Jud. Admin., and that the court allow him to claim the child as a dependent for income-tax purposes. On July 6, 2006, the mother filed a response to the father's petition for modification. On August 2, 2006, the mother filed a motion to hold the father in contempt for his alleged refusal to return the child to her after the father had exercised his summer visitation.
Following ore tenus proceedings on August 2, 2006, October 5, 2006, and February 27, 2007, the trial court entered a judgment on March 7, 2007, transferring primary physical custody of the child to the father. On April 12, 2007, the mother filed her notice of appeal.
Although the issue has not been addressed by either party, this court must first determine whether it has jurisdiction over this appeal. "Jurisdictional matters are of such importance that a court may take notice of them ex mero motu." McMurphy v.East Bay Clothiers, 892 So.2d 395, 397 (Ala.Civ.App. 2004). "[T]he question whether a judgment is final is a jurisdictional question." Johnson v. Johnson, 835 So.2d 1032, 1034
(Ala.Civ.App. 2002).
"A final judgment is one that `"disposes of all claims or the rights and liabilities of all parties."'" N.H. v.T.A.P., 963 So.2d 97, 99 (Ala.Civ.App. 2007) (quotingWright v. Wright, 882 So.2d 361, 363
(Ala.Civ.App. 2003), quoting in turn Carlisle v. Carlisle,768 So.2d 976, 977 (Ala.Civ.App. 2000)). In this case, the trial court's March 7, 2007, judgment did not dispose of the issues of child support, who would claim the child as a dependent for income-tax purposes, or whether the father should be held in contempt. Because the "`judgment contain[ed] no conclusive assessment of [those issues], the trial court has not completely adjudicated the matters in controversy between the parties.'"N.H., 963 So.2d at 99 (quoting Anderson v.Anderson, 899 So.2d 1008, 1009 (Ala.Civ.App. 2004)). Therefore, the judgment appealed from is a nonfinal judgment, and we must dismiss the mother's appeal. Id.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.