27 So.3d 1288 (2009)
Dennis E. BLASDEL
v.
Jennifer L. BLASDEL.
2071055.
Court of Civil Appeals of Alabama.
July 31, 2009.
Joan-Marie Dean, Huntsville, for appellant.
John M. Totten of Totten & Christian, P.C., Athens, for appellee.
BRYAN, Judge.
Dennis E. Blasdel ("the husband") appeals from a judgment entered by the Limestone Circuit Court divorcing him from Jennifer L. Blasdel ("the wife") insofar as it divided the parties' property. However, we dismiss the husband's appeal as being from a nonfinal judgment.
The husband filed a petition for protection from abuse on August 20, 2007. On August 28, 2007, the wife filed an answer *1289 to the husband's petition for protection from abuse and filed a "counterclaim for protection from abuse." On August 28, 2007, the husband sued the wife for a divorce. In his complaint for a divorce, the husband asked the trial court to award him custody of the parties' minor son. The husband stated that the wife was "unemployed and ... unemployable," and he asked the trial court to deviate from the Rule 32, Ala. R. Jud. Admin., child-support guidelines "at the present time."[1] The husband then requested that the wife be ordered to pay child support once she is "capable of gainful employment." The husband also sought a division of the parties' property and debts pursuant to an antenuptial agreement that had been signed by the parties before they were married.
The wife filed an answer to the husband's complaint for a divorce and counterclaimed for a divorce on September 17, 2007. The wife requested custody of the parties' minor son, and she requested child support in accordance with Rule 32. The wife further requested the trial court to equitably divide the parties' property and debts.
On November 27, 2007, the trial court entered a pendente lite order awarding the parties temporary joint legal custody of the parties' son and awarding the husband temporary sole physical custody. The trial court stated in the order that the wife was not required to pay child support "[d]ue to [her] current physical limitations ...."[2] The pendente lite order further awarded the wife temporary spousal support in the amount of $2,000 a month, awarded the wife visitation with the son, awarded the husband temporary exclusive possession of the marital home, and restrained the parties from "harassing, intimidating, bothering, cursing, striking, interfering with or communicating with or having any contact with each other...."
The trial court entered the divorce judgment on July 2, 2008. The parties were awarded joint legal custody of their son, and the husband was awarded sole physical custody, subject to certain visitation rights of the wife. Regarding child support, the trial court stated:
"The Court has heard evidence concerning the fact that the [wife] was severely injured in an accident that occurred in the month of August 2007. The Court has further heard evidence concerning the [wife]'s prior employment and future prospects of employment and income. The evidence does not suggest that the [wife] is not employable, but the Court does grant to the [wife] some period of time with which to become employed and begin to pay child support. The Court further makes this finding aware of the income potential earnings of the [husband] herein and finds that said [husband] can adequately and appropriately support the parties' minor child independent of help from the [wife] for a limited period of time. It is Ordered that the [wife] take immediate steps to secure employment, and she shall commence paying child support consistent with [Ala. R. Jud. Admin.,] Rule 32 in the month of January 2009. In December 2008 (or *1290 earlier when employment [is] secured) the parties are to exchange CS-41 forms for there to be a calculation of the appropriate child support to be paid from the [wife] to the [husband] beginning January 2009 and each month thereafter that child support is obligated to be paid pursuant to law."
The trial court further divided the parties' property and debts. Neither party filed a postjudgment motion. The husband filed a notice of appeal on August 13, 2008.
Although this appeal was brought by the husband, he questions the jurisdiction of this court to hear his appeal.[3] Specifically, the husband questions the finality of the trial court's divorce judgment because of the pending order of child support. The husband also raises the issue of finality regarding the parties' original petitions for protection from abuse.
"The question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case." Hubbard v. Hubbard, 935 So.2d 1191, 1192 (Ala.Civ.App.2006).
Regarding the parties' petitions for protection from abuse, we hold that the trial court ruled on those petitions in the pendente lite order issued on November 27, 2007, when it restrained the parties from "harassing, intimidating, bothering, cursing, striking, interfering with or communicating with or having any contact with each other ...." Although the trial court ordered the wife to pay child support in the future, we agree with the husband that his appeal was taken from a nonfinal judgment because the trial court did not finally resolve the issue of child support.[4]
In Tomlinson v. Tomlinson, 816 So.2d 57, 58 (Ala.Civ.App.2001), the trial court entered an order "purporting to modify custody [that] state[d]: `Child support to be paid by [the mother] to [the father] shall be determined upon the prompt submission of Child Support Income Affidavits (CS-41) by the parties.'" This court dismissed the mother's subsequent appeal as being from a nonfinal judgment "[b]ecause the trial court's order did not dispose of the matter of child support...." Id.
Tomlinson was later distinguished by Parker v. Parker, 946 So.2d 480 (Ala.Civ. App.2006). In Parker, the trial court had indefinitely "`reserved' ruling on the issue of child support because of the mother's apparent lack of income." Id. at 486. We held that Parker was "distinguishable from [Tomlinson] because the trial court [in Parker] did not reserve the ruling on the issue of child support pending the occurrence of some specific event, like the submission of child-support forms ...." Id.
As in Tomlinson, supra, the trial court in this case did not completely dispose of the issue of child support; instead, it ordered payment of child support "pending the occurrence of some specific event," *1291 Parker, 946 So.2d at 486, i.e., the wife's "tak[ing] immediate steps to secure employment" and the submission of CS-41 child-support forms by the parties. At the time the husband filed a notice of appeal to this court in August 2008, the trial court had not received either of the parties' CS-41 child-support forms.
"`When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu.'" Young v. Sandlin, 703 So.2d 1005, 1008 (Ala.Civ. App.1997) (quoting Powell v. Republic Nat'l Life Ins. Co., 293 Ala. 101, 102, 300 So.2d 359, 360 (1974)). Because the husband appealed from a judgment that was not final at the time he filed his notice of appeal, the husband's appeal must be dismissed as being from a nonfinal judgment.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, J., concur.
THOMAS, J., concurs in the result, with writing.
MOORE, J., concurs in the result, without writing.
THOMAS, Judge, concurring in the result.
Because the judgment contains no conclusive assessment of the amount of child support owed by the mother, see Turner v. Turner, 883 So.2d 233, 234 (Ala.Civ.App. 2003), I agree that the appeal should be dismissed.
NOTES
[1] By order dated November 19, 2008, the Alabama Supreme Court amended Rule 32, Ala. R. Jud. Admin., including the child-support guidelines, effective January 1, 2009. By order dated February 25, 2009, the Alabama Supreme Court amended Rule 32(A)(4) and Rule 32(B)(7), Ala. R. Jud. Admin., effective March 1, 2009. Those amendments are not applicable in this case.
[2] The wife suffered serious injuries in August 2007 after she fell from a deck on the rear of the parties' home.
[3] The husband obtained different counsel for this appeal subsequent to the filing of the notice of appeal to this court by the husband's trial counsel.
[4] Although the husband did not request an immediate order for child support in his complaint for a divorce, our supreme court has held that "`the right to support of a child from its parents is inherent and cannot be waived by the parents even by agreement.'" Ex parte State ex rel. Summerlin, 634 So.2d 539, 542 (Ala. 1993) (quoting Willis v. Levesque, 402 So.2d 1003, 1004 (Ala.Civ. App.1981)). Therefore, the wife has a duty to pay child support despite the fact that the husband did not request it on behalf of the parties' son. Further, the trial court, in the divorce judgment, did not indicate that it intended to "deviate" from Rule 32, as requested by the husband; the trial court only granted the wife "some period of time with which to become employed and begin to pay child support."