THOMPSON, Presiding Judge.
Bobby Joe Bearden III (“the father”) appeals from a judgment awarding Angel Murphy (“the mother”) custody of the parties’ child (“the child”).
On November 30, 2009, the father filed a complaint seeking a divorce, to sever what he asserted was the parties’ common-law marriage, and seeking custody of the child. The mother answered, claiming that the parties did not have a common-law marriage. She requested a dismissal of the father’s action. It is obvious from the record that the parties have an acrimonious relationship. Before the father filed his complaint in this action, the parties sought competing orders of protection from abuse. Since the filing of the complaint, the father, who was awarded temporary custody of the child, has alleged that the mother physically abused the child and has accused the mother of using illegal drugs. He also obtained orders requiring that the mother’s visitation with the child be supervised and terminating the mother’s right to have overnight visitation. The mother sought to have the father held in contempt at least twice and sought court intervention to have unsupervised visitation and holiday visitation with the child. The hearing on this matter was held on May 26, 2011, and February 10, 2012.[1] On the first day of the hearing, the parties stipulated that there was insufficient proof that a common-law marriage existed, and the hearing went forward on the issue of custody and other related matters. On April 24, 2012, the trial court entered an order finding that the father had failed to prove that the parties were ever married and adjudicating the paternity of the child. The order went on to say:
“3. That the parties shall immediately meet and resolve the issues of custody and placement of [the child] and of child support in order to avoid a dismissal of this case.
*1098 “4. That this case shall be CLOSED forty-two (42) days from the date of this Order, at which time the custody of the child shall revert to the mother, unless the parties e-file a settlement agreement settling all of the issues between them, along with a proposed final order, within that time period.”
(Emphasis and capitalization in the original.)
The father filed a motion to alter, amend, or vacate the order. The trial court denied the motion, and the father timely appealed.
Neither party has addressed this court’s jurisdiction over this appeal as it relates to the finality of the trial court’s April 24, 2012, order from which this appeal is taken; however, jurisdictional issues are of such significance that an appellate court may take notice of them ex mero motu. Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997). “[T]he question whether a judgment is final is a jurisdictional question.” Johnson v. Johnson, 835 So.2d 1032, 1034 (Ala.Civ.App.2002). “Generally, an appeal may be taken only from a final judgment. Ala.Code 1975, § 12-22-2. A final judgment is ‘one that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved.’ Bean v. Craig, 557 So.2d 1249, 1253 (Ala.1990).” Warren v. Warren, 94 So.3d 392, 395 (Ala.Civ.App.2012).
This court has held that a lower court’s reservation of jurisdiction to decide the issue of child support pending the occurrence of a specific event, such as submission of the appropriate child-support forms, renders a judgment nonfinal, see Naylor v. Naylor, 981 So.2d 440, 441 (Ala.Civ.App.2007), and that a lower court’s failure to actually determine an amount of child support owed by a party also renders a judgment nonfinal, see Turner v. Turner, 883 So.2d 233, 234 (Ala.Civ.App.2003); and Tomlinson v. Tomlinson, 816 So.2d 57, 58 (Ala.Civ.App.2001).
In this case, the trial court’s order does not ascertain and declare the rights of the parties on any issues related to child custody. The trial court ordered the parties to reach a settlement on the issues of custody and child support or the case would be dismissed; however, the record demonstrates that, during the two and a half years the litigation in this matter was pending, the parties were unable to agree on such routine matters as taking the child to T-ball practice. The likelihood of the parties’ settling the major issues in this case is negligible. Although the order states that if the parties are unable to reach a custody settlement within 42 days, then custody of the child would “revert” to the mother, the trial court made no factual findings and offered no explanation for the apparent award of custody. Moreover, the judgment is silent as to whether the mother is to have sole physical custody only, or whether the mother is to have both legal and physical custody, at the end of 42 days. Furthermore, the trial court did not determine the parties’ respective child-support obligations and related issues; for example, the court failed to determine which party would be responsible for maintaining the child’s health-insurance coverage.
 We note that the trial court also did not establish a visitation schedule for the noncustodial parent, apparently relying on the parties to establish and implement that as well. Although a failure to include a visitation schedule does not result in a nonfinal judgment for purposes of appeal, leaving visitation to the sole discretion of the custodial parent does require reversal. It is well settled that, although this court recognizes that visitation is a matter left to *1099 the sound discretion of the trial court, such discretion is not unbounded. In Pratt v. Pratt, 56 So.3d 638, 644 (Ala.Civ.App.2010), this court held that “[t]he propriety of [a visitation] judgment depends on whether the noncustodial parent has a sufficient, specified visitation schedule to rely upon, independent of the custodial parent’s discretion.” We also noted that “[t]his court ... has affirmed awards of unspecified visitation based on the agreement of the parties when the trial court also provides that, in the event of disagreement, ‘standard visitation’ or some other specified visitation would be imposed.” Id.
Because the trial court did not dispose of all the issues before it, the order is nonfinal, and we must dismiss the father’s appeal. See Baugus v. City of Florence, 968 So.2d 529, 531 (Ala.2007).
APPEAL DISMISSED.
PITTMAN and DONALDSON, JJ„ concur.
MOORE, J., concurs specially, which THOMAS, J., joins.

. The record does not indicate why there was a' delay of more than eight months before the hearing was resumed.