MOORE, Judge.
Wallace Williams (“the husband”) seek's a writ of mandamus from this court directing the Russell Circuit Court (“the trial court”) to vacate its orders entered in response to the September 27, 2013, post-judgment motion filed by Chevon Williams (“the wife”) for lack of subject-matter jurisdiction.
On August 29, 2013, the trial court entered a judgment (“the divorce judgment”), divorcing the husband and the wife and, among other things, containing provisions regarding custody of the parties’ minor child, visitation between the husband and the child, and division of the real and personal property belonging to the parties. On September 27, 2013, the wife filed a postjudgment motion, asserting that the trial court had erred by ordering that the husband’s child-support payments were to commence on September 5, 2014, rather than on September 5, 2013; by not entering a child-support withholding order concerning the husband’s child-support obligation; by not awarding the wife a portion of the husband’s retirement and survivor benefits; by failing to specify in the divorce judgment that the wife was to be entitled to claim the parties’ minor child for income-tax purposes; by failing to specify in the divorce judgment which party was to be responsible for the child’s health insurance; and by failing to reserve the issue of postminority educational support. The wife also asserted that the husband had violated portions of the divorce judgment and that the evidence presented at trial, and newly discovered evidence, established that the husband‘had misrepresented' to the' court the status of the mortgage payments on the marital residence. The husband filed a response to the wife’s postjudgment motion.
On December 18, 2013, the trial court set the wife’s postjudgment motion for consideration at a status docket on January 28, 2014. On February 13, 2014, the wife filed a motion for a continuance; the trial court entered an order on February 21, 2014, rescheduling the matter for consideration at a status docket on March 26, 2014. On June 27,. 2014, the trial court entered an order setting the wife’s motion for a hearing on August 26, 2014. On August 26, 2014, the trial court granted the wife’s motion for a continuance and reset the hearing for October 2, 2014. On October 2, 2014, the trial court entered an order granting, in part, the wife’s post-judgment motion and amending the divorce judgment to provide that the payment of phild support was to begin on September 5, 2013, rather than on September 5, 2014, as had been stated in the divorce judgment. The trial court later amended- that order on October 6 and 9, 2014, to correct clerical errors. In each of those orders, the .trial court noted that the remaining, issues raised in the wife’s post-judgment motion would be heard at a later date.
On March 4, 2015, the husband filed in the trial court a “motion to vacate orders and motion to dismiss for lack of subject matter Jurisdiction.” In his motion, the husband argued that. the wife’s postjudgment motion had been denied by *1108 operation of law on December 26, 2013,[1] that the trial court’s orders of October 2, October 6, and October 9, 2014 (“the October 2014 orders”), were therefore .void, and that all issues raised in .the .mother’s post-judgment motion — with the exception of the issue concerning the clerical error regarding the: starting date for the child-support obligation, which the husband conceded was susceptible to the trial court’s review pursuant to Rule 60(a), Ala. R. Civ. P. — were no, longer pending before the trial court after December 26, 2013. The trial court entered an order on March 5, 2015, which stated, in pertinent part:
“2. That the [wife’s postjudgment motion] was filed on September 27,2013. The Court continued the Motion at the request of both parties and finally entered an Order addressing a portion of the Motion on October 6, 2014, and again on October 9, 2014, and in each Order issued in October 2014 the Court indicated that the remaining issues would be heard at a later date.
“3. That [the husband] moved to dismiss all other issues and in- support thereof argued that all other issues ... were denied by operation of law on December 27th, 2013,[2] pursuant to Rule 59.1, Alabama Rules of Civil Procedure. The Court denies this motion and finds that on October 9, 2014, the parties appeared with previous counsel and agreed for the issues raised in [the wife’s] post-judgment motion to be set for a hearing. The Court finds that this was the ‘express consent of all parties’ required to extend the 90 day period required by Rule 59;1.”
The husband then filed this petition- for mandamus review.
“The writ of mandamus is an extraordinary legal remedy. Ex parte Mobile Fixture & Equip. Co., 630 So.2d 358, 360 (Ala.1993). Therefore, this Court will not grant mandamus relief unless the petitioner shows: (1) a clear legal right to the order sought; (2) an imperative duty upon the trial court to perform, accompanied by its refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the Court. See Ex parte Wood, 852 So.2d 705, 708 (Ala.2002).”
Ex parte Davis, 930 So.2d 497, 499 (Ala.2005). “A petition for a writ of mandamus is the proper method for obtaining review of a trial court’s authority to rule on a posttrial motion beyond the time period set forth in Rule 59.1, Ala. R. Civ. P.” Ex parte Jackson Hosp. & Clinic, Inc., 49 So.3d 1210, 1211 (Ala.2010).
The husband concedes in his petition for a writ of mandamus, as he did before the trial court, that the trial court’s correction of a clerical error in its October 2014 orders to specify the date on which his child-support payments were to begin was within the trial court’s jurisdiction. See Rule 60(a), Ala. R, Civ. P. He argues, however, that the remaining issues' raised in the wife’s postjudgment motion were' raised pursuant to Rule 59(0)’, Ala. R, Civ. P., and that, because those issues were not ruled upon within 90 days of the date the motion was filed, as required by Rule 59.1, Ala. R. Civ. P., the trial court lost jurisdiction to rule on those issues.
*1109 The wife argues. in her answer to the husband’s petition that the divorce judgment was not final because, she says, it “failed to assess with specificity various issues at contest between the Parties, including but not limited to a specific visitation schedule, a specific supervisor for the Husband’s visitations and the specific' monthly child support obligations of the Parties.” Assuming, Without deciding, that the trial court’s failure to include in the divorce judgment a specific visitation schedule or a specific supervisor for the husband’s visitations with the child was in error, we cannot conclude that those purported errors render the judgment nonfinal. See Pratt v. Pratt, 56 So.3d 638 (Ala.Civ.App.2010); and M.S.M. v. M.W.M., 72 So.3d 626, 636 (Ala.Civ.App.2011). A trial court’s failure to determine an amount of child support owed by a party does, however, render a judgment nonfmal. See Turner v. Turner, 883 So.2d 233, 234 (Ala.Civ.App.2003). In the divorce judgment, the trial court stated, in pertinent part;
“[The husband] is to pay child support to [the wife], as determined by .the Alabama Child Support Guidelines beginning September 5, 2014, and by the 5th of each month until the minor child. ... reache[s] the age of 19, marries, dies, or becomes self-supporting.”
The divorce judgment" attached to the wife’s answer to the petition for a writ of mandamus does not include any attachments. Additionally, the husband declined to include the divorce judgment in his petition. “When [an appellate c]ourt considers a petition Tor a writ of mandamus, the only materials before it are the petition and the answer and any attachments to those documents.” Ex parte Guaranty Pest Control, Inc., 21 So.3d 1222, 1228 (Ala.2009). In the present case, the divorce judgment did not order the husband to pay a specific amount of child support but, rather, appears to indicate that that amount was to be determined by application of the Alabama Child Support Guidelines. See Rule 32, Ala. R. Jud. Admin. Because the trial court’s statement regarding the amount of child support, without more, did not fully dispose of the rights and liabilities of the parties, the divorce judgment was not a final judgment. See Tomlinson v. Tomlinson, 816 So.2d 57, 58 (Ala.Civ.App.2001).
Based on the materials before us, the trial'court first indicated the amount of child support to be paid by the husband in its October 2, 2014, order amending the divorce" judgment, in which it stated, among other things, that “[t]here shall be an immediate income withholding [order] to take out the current support of $456.00 per month.” Thus, the divorce judgment became final On October 2, 2014, when the trial court specified the amount of child support to be paid by the husband. Because the wife’s postjudgment motion was filed before the entry of the October 2, 2014, final divorce judgment, that motion quickened on that date. Miller v. Miller, 10 So.3d 570, 572 (Ala.Civ.App.2008) (“ ‘[A] premature postjudgment motion that, if it hád been directed to a final judgment, would toll the time .for filing a notice of appeal from a final judgment (see Ala. R.App. P.,' Rule 4(a)(3)) “quickens” on the day that the final judgment'is entered.’” (quoting Richardson v. Integrity Bible Church, Inc., 897 So.2d 345, 347 (Ala.Civ.App.2004))).
We .agree with the husband that, with the exception of the correction of the date of the child-support award, the wife’s post-judgment motion sought relief pursuant to Rule 59(e), Ala. R. Civ. P., which allows a trial court to alter, amend, or.vacate a judgment. See Freeman v. Freeman, 67 So.3d 902, 906 (Ala.Civ.App.2011). Thus, pursuant to Rule 59.1, Ala. R. Civ. P., a motion filed pursuant to Rule 59(e) remains pending for 90 days following the *1110 entry of a final judgment. Thus, in this case, the trial court had 90 days from October 2, 2014, to rule on the wife’s post-judgment motion. Rule 59.1 also allows for the parties to extend the time for ruling on a motion filed pursuant to Rule 59 by the “express consent of all the parties, which consent shall appear of record.”
The trial court made a finding in its March 5, 2015, order that the parties had appeared on October 9, 2014, “and agreed for the issues raised in [the wife’s] post-judgment motion to be set for a hearing,” and that that agreement amounted to the express consent of the parties to extend the time for ruling on the issues raised in the wife’s postjudgment motion. We disagree.. First, we note that “any consent to extend the 90-day period for ruling on a postjudgment motion must be in direct and unequivocal terms.” Higgins v. Higgins, 952 So.2d 1144, 1146 (Ala.Civ.App.2006). Thus, any agreement by the parties to merely set the wife’s post-judgment motion for a hearing does not amount to an agreement to extend the 90-day period for ruling on the wife’s motion. Moreover, because the divorce judgment did not become final, and the wife’s post-judgment motion did not quicken, until October 2, 2014, the hearing held by the trial court on October 9, 2014, occurred within the time for ruling on that motion, and, as a result, any agreement to set a hearing on that motion did not indicate, either expressly or by inference, that the parties had agreed to extend the time for a ruling on that motion. See Harrison v. Alabama Power Co., 371 So.2d 19, 20-21 (Ala.1979) (“The consent or assent to a continuance of a hearing does not satisfy the requirement that the record show the parties’ express consent to an extension of the 90-day period.”). Based on the materials before us, we conclude that the remaining issues raised in the wife’s post-judgment motion were denied by operation of law on December 31, 2014. See Rule 59.1.
In his petition, the husband seeks an order requiring the trial court to vacate the October 2014 orders. However, as explained above,. the trial court did not lack jurisdiction to consider the wife’s postjudgment motion after December 26, 2013, and the October 2014 orders are not void. The husband also requests that the trial court be ordered to “dismiss” the issues raised in the wife’s postjudgment motion, which the trial court expressly declined to do. Because the .trial court lacks jurisdiction to entertain the wife’s post-judgment motion, the remaining aspects of it. having been denied by operation of law on December 31, 2014, we grant the husband’s petition for the writ of mandamus in part and direct the trial court to vacate its March 5, 2015, order insofar as that order concluded that the trial court retained jurisdiction to consider the remaining issues'in the wife’s postjudgment motion.
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN and THOMAS, JJ‘., concur.
DONALDSON, J., concurs specially.

. Rule 59.1, Ala. R. Civ. P., provides that a postjudgment motion that is not ruled on by the court within 90 days is deemed' denied' at the expiration of the 90-day period. The 90th day following die wife’s filing of her post-judgment motion on September 27, 2013, was December 25, 2013, Christmas Day, a state holiday. Therefore, assuming for the sake of argument that the husband’s argument is correct, the wife’s postjudgment motion would have been deemed denied on December 26, 2013. See Rule 6, Ala. R. Civ. P.; see also Williamson v. Fourth Ave. Supermarket, Inc., 12 So.3d 1200, 1203-04 (Ala.2009).

. See supra note 1.