THOMPSON, Presiding Judge.
On October 27, 2015, James Leif Dickinson filed in the Lamar Circuit Court ("the trial court") an action seeking to establish the paternity of a child born of his relationship with Emily Harriette Burton ("the mother"). In his complaint, Dickinson sought an award of custody of the child and an award of child support. The mother answered and counterclaimed, also seeking an award of custody of the child and child support.
The trial court entered an April 19, 2016, order awarding the mother pendente lite custody of the child, awarding Dickinson visitation, and ordering Dickinson to pay child support. In July 2016, Dickinson filed a motion to modify the April 19, 2016, pendente lite custody order; he alleged in that motion that the mother had been arrested on drug charges. On July 21, 2016, the trial court awarded Dickinson pendente lite custody of the child.
On August 10, 2016, Harry Northington and Elizabeth G. Northington, the child's maternal grandparents, moved to intervene in the action and sought an award of visitation with the child. The trial court entered an order on August 11, 2016, allowing the maternal grandparents to intervene.
On August 17, 2016, the trial court entered an order, based on an agreement of the parties and ore tenus testimony, in which it adjudicated Dickinson (hereinafter "the father") as the father of the child and awarded him sole custody of the child. In that order, the trial court reserved jurisdiction over the issues of child support and visitation. Also on August 17, 2016, the trial court entered an order awarding the *1153 maternal grandparents pendente lite visitation with the child.
On September 1, 2016, the father answered the maternal grandparents' visitation claim, asserted in their motion to intervene, by denying that the maternal grandparents were entitled to relief.
The trial court conducted an ore tenus hearing. On November 16, 2016, the trial court entered a "visitation order" in which it awarded the maternal grandparents a schedule of visitation with the child that resembles the standard schedule of visitation awarded to a noncustodial parent. The father filed a purported postjudgment motion. See Malone v. Gainey, 726 So.2d 725, 725 n.2 (Ala. Civ. App. 1999) (a valid postjudgment motion may be taken only in reference to a final judgment). Had that motion been taken from a final judgment, it would have been denied by operation of law on February 28, 2017. The father filed a notice of appeal on April 10, 2017, within 42 days of February 28, 2017, i.e., the date the purported postjudgment motion would have been denied by operation of law. See Rule 4(a)(3), Ala. R. App. P.
However, the trial court's November 16, 2016, order did not address the pending issues of child support or a visitation award to the mother. Thus, that order was not a final judgment capable of supporting the appeal. Ex parte Williams, 185 So.3d 1106, 1109 (Ala. Civ. App. 2015) ("A trial court's failure to determine an amount of child support owed by a party does ... render a judgment nonfinal."); Edwards v. Edwards, 951 So.2d 699, 700 (Ala. Civ. App. 2006).
The father's appeal is taken from a nonfinal order. Accordingly, we must dismiss the appeal. See T.H. v. Jefferson Cty. Dep't of Human Res., 100 So.3d 583, 586 (Ala. Civ. App. 2012) ("When an appeal is taken from a nonfinal order, the appeal must be dismissed."). We note that this court may not treat this appeal as a petition for a writ of mandamus, because it was filed well outside the presumptively reasonable time for seeking mandamus relief-i.e., it was not filed within 42 days of the entry of the November 16, 2016, order. See Meadwestvaco Corp. v. Mitchell, 195 So.3d 290, 295 (Ala. Civ. App. 2015) (declining to treat an appeal of an interlocutory order as a petition for a writ of mandamus because it was not timely filed as a petition for a writ of mandamus); State Dep't of Human Res. ex rel. Bowen v. Bowen, 958 So.2d 901, 903-04 (Ala. Civ. App. 2006) (same).
APPEAL DISMISSED.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.