DONALDSON, Judge.
Joshua Ted Kelly ("the husband") appeals from an order of the Wilcox Circuit Court ("the trial court") entered in divorce proceedings between the husband and Chesley Bedwell Kelly ("the wife"). The husband argues that the order improperly awarded certain property to the wife and that the child-support award contained in the order does not comply with Rule 32, Ala. R. Jud. Admin.
Before addressing the husband's arguments, however, we must determine whether the husband has appealed from a final judgment and, thus, whether this court has jurisdiction to consider the husband's appeal. See Johnson v. Johnson, 835 So.2d 1032, 1034 (Ala. Civ. App. 2002) ("[T]he question whether a judgment is final is a jurisdictional question."), and Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987) ("[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.").
The facts pertinent to the disposition of this issue are as follows. The wife filed a complaint for a divorce on February 29, 2016, after the husband had been charged with two felonies, and the husband filed an answer denying the allegations in the wife's complaint. On May 5, 2016, after a hearing, the trial court entered an interlocutory order, based upon the agreement of the parties, that, among other things, ordered the husband to pay $600 each month to the wife as child support for the parties' three children.
On November 21, 2016, by the agreement of the parties, the trial court entered an order in which it divorced the parties and ordered, among other things, that the May 5, 2016, order relating to child custody and child support
"shall remain in force and effect until the criminal case[s] pending against the [husband] ... [are] resolved or disposed of. This Court reserves the jurisdiction to make any modifications necessary to the Temporary Orders entered into and attached hereto while the criminal charges are pending and further retains jurisdiction to make a final determination regarding custody, visitation and child support upon the conclusion of the criminal cases referred to herein."
On March 20, 2017, the husband pleaded guilty to a felony charge and was sentenced to serve 10 years in prison. On April 4, 2017, the trial court held a trial related to the division of the parties' property at which both parties testified.
On July 5, 2017, the trial court entered what it styled as a "Final Order" in which it terminated the husband's visitation with the children and divided the parties' property. The July 5, 2017, order did not award child support to the wife or otherwise reference the husband's child-support obligation. The order stated that "[a]ll provisions of the Judgment of Divorce entered by the Court on November 21, 2016, which are not modified by the provisions of this Order shall remain in full force and effect." The November 21, 2016, order expressly stated that the husband owed a temporary child-support obligation "until the criminal case pending against the [husband] ... is resolved or disposed of," and the trial *108 court expressly stated it would make a "final determination" regarding child support upon the disposition of the criminal charges against the husband.
On July 10, 2017, the husband filed a motion seeking to alter, amend, or vacate the July 5, 2017, order. In his motion, the husband stated, among other things: "[T]he judgment of divorce fails to set child support pursuant to the Alabama Child Support Guidelines." That same day, the trial court entered the following order: "MOTION FOR NEW TRIAL filed by [the husband] is hereby PENDING.... [The wife] has 10 days to respond and file the appropriate child support guideline and income withholding." (Capitalization in original.) On July 13, 2017, the husband filed in the trial court a CS-42 Child-Support Guidelines form. The trial court took no further action, and, on October 19, 2017, the husband filed a notice of appeal to this court.
The husband argues that the trial court's $600 monthly child-support award must be reversed for noncompliance with Rule 32, Ala. R. Jud. Admin.[1] That temporary award, however, terminated upon the resolution of the criminal charges against the husband. In its November 21, 2016, order, the trial court expressly reserved jurisdiction to later make a "final determination" regarding child support after the disposition of the criminal charges against the husband. In the July 5, 2017, order, the trial court did not determine, or otherwise address, the husband's child-support obligation.
"A final judgment is one that ' "disposes of all claims or the rights and liabilities of all parties." ' Wright[ v. Wright], 882 So.2d [361,] 363 [ (Ala. Civ. App. 2003) ] (quoting Carlisle v. Carlisle, 768 So.2d 976, 977 (Ala. Civ. App. 2000) ). In Anderson v. Anderson, 899 So.2d 1008, 1009 (Ala. Civ. App. 2004), this court stated that '[w]here a party has requested child support and the trial court's purported judgment contains no conclusive assessment of the child-support obligation, the trial court has not completely adjudicated the matters in controversy between the parties.' "
N.H. v. T.A.P., 963 So.2d 97, 99 (Ala. Civ. App. 2007).
Because the order from which the husband has appealed does not conclusively determine his child-support obligation, the judgment is not final, and we must, therefore, dismiss the husband's appeal. See N.H., 963 So.2d at 99 (citing Hubbard v. Hubbard, 935 So.2d 1191, 1192 (Ala. Civ. App. 2006) ) ("The reviewing court, on a determination that a judgment is not final, has a duty to dismiss the case.").
APPEAL DISMISSED.
Thompson, P.J., and Pittman, Thomas, and Moore, JJ., concur.

We note that compliance with Rule 32, Ala. R. Jud. Admin., is mandatory. Wilkerson v. Waldrop, 895 So.2d 347, 348-49 (Ala. Civ. App. 2004).