REL: May 5, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

_____

### CL-2023-0125

_____

## Ex parte K.B.L.

## PETITION FOR WRIT OF MANDAMUS

## (In re: K.B.L.

## v.

## R.M.M., Jr.)

## (Jefferson Circuit Court, Bessemer Division, CV-22-61)

MOORE, Judge.

K.B.L. ("the mother") petitions this court for a writ of mandamus directing the Bessemer Division of the Jefferson Circuit Court ("the circuit court") to dismiss an appeal to that court filed by R.M.M., Jr. ("the

CL-2023-0125

father"), from a judgment entered by the Bessemer Division of the Jefferson Juvenile Court ("the juvenile court") modifying custody of the parties' children. We grant the petition and issue the writ.

Procedural History

According to the petition for a writ of mandamus filed by the mother and the answer thereto filed by the father, the mother and the father engaged in a nonmarital relationship that produced two children. Beginning in 2015, the juvenile court entered a series of judgments providing for the custody of the children, including a 2021 judgment awarding their custody to the father. On June 24, 2022, the mother filed a petition requesting a modification of the children's custody; that action was assigned case number CS-15-34.03 ("the .03 action").

On October 31, 2022, the juvenile court entered an order in the .03 action providing that "[t]he care, custody, and control of the minor children shall be returned to the mother at the conclusion of the current school semester and or the Christmas break, the court frowns on changing schools when the semester is so close to being over." That order

2

did not address child support or provide for visitation between the father and the children.

On November 14, 2022, the father filed a notice of appeal in the .03 action, appealing the juvenile court's judgment to the circuit court. In response to that notice, the juvenile court entered an order on November 15, 2022, that states, in its entirety: "Notice of appeal filed by [the father] is hereby OTHER. This matter was heard on the record. Therefore, this matter should be appealed to the Court of Civil Appeals not Circuit Civil." However, the case remained in the circuit court, and it was assigned case number CV-22-61. The father proceeded to file several motions in case number CV-22-61, which the circuit court acted upon by, among other things, setting the case for trial and entering an order purporting to restrain the mother from relocating with the children to Baldwin County.

On February 15, 2023, the mother filed in the circuit court a motion to dismiss the father's appeal. She asserted, among other things, that the father should have appealed to the Alabama Court of Civil Appeals rather than to the circuit court and that the juvenile court retained jurisdiction over the custody matters between the parties. On February

3

CL-2023-0125

26, 2023, the circuit court entered an order denying the mother's motion to dismiss the father's appeal. The circuit court stated, among other things, that "to this date it is unknown if the juvenile court judge designated a person to transcribe the record of the proceeding and prepared a reporter's transcript in accordance with the provisions of Rule 10(b)(2) of the Alabama Rules of Appellate Procedure, subsequently certifying that the record of the proceeding was/is adequate." The circuit court determined that it had appellate jurisdiction for a trial de novo, pursuant to Rule 28(B), Ala. R. Juv. P. The mother timely filed her petition for a writ of mandamus with this court on March 7, 2023.

Standard of Review

"'"'A writ of mandamus is an extraordinary remedy that is available when a trial court has exceeded its discretion. Ex parte Fidelity Bank, 893 So. 2d 1116, 1119 (Ala. 2004). A writ of mandamus is "appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court." Ex parte BOC Group, Inc., 823 So. 2d 1270, 1272 (Ala. 2001).'"'

4

"Ex parte Brown, 963 So. 2d 604, 606-07 (Ala. 2007) (quoting Ex parte Rawls, 953 So. 2d 374, 377 (Ala. 2006), quoting in turn Ex parte Antonucci, 917 So. 2d 825, 830 (Ala. 2005)). A writ of mandamus is the proper remedy to correct a trial court's order erroneously denying a motion to dismiss that is based on a lack of subject-matter jurisdiction. See Ex parte Hampton, 189 So. 3d 14, 16 (Ala. 2015)."

Ex parte Thompson Tractor Co., 227 So. 3d 1234, 1239 (Ala. Civ. App. 2017).

Analysis

In her mandamus petition, the mother raises two arguments in support of her assertion that the circuit court lacks subject-matter jurisdiction over the father's appeal. First, she argues that an adequate record of the juvenile-court proceedings exists such that the father should have appealed to this court rather than to the circuit court. Second, the mother argues that the juvenile court's October 31, 2022, judgment is not a final judgment capable of supporting the father's appeal. We find the mother's second argument dispositive.

We note that the mother did not assert in her February 15, 2023, motion to dismiss filed in the circuit court that the judgment from which the father sought to appeal was nonfinal. "However, jurisdictional issues,

5

such as the finality of a judgment, are of such importance that an appellate court may take notice of them <u>ex mero motu</u>." <u>Morgungenko v. Dwayne's Body Shop</u>, 23 So. 3d 671, 673 (Ala. Civ. App. 2009).

The mother argues that the juvenile court's October 31, 2022, judgment is nonfinal because it does not address child support or visitation. "An order is generally not final unless it disposes of all claims or the rights and liabilities of all parties." <u>Carlisle v. Carlisle</u>, 768 So. 2d 976, 977 (Ala. Civ. App. 2000). The materials presented to this court do not include the mother's June 24, 2022, petition for a modification of custody. However, in a verified motion filed on December 6, 2022, which is attached to the mandamus petition, the father asserted that the mother had sought in the juvenile court "emergency custody" of the children and the suspension of the father's visitation.

In <u>Bearden v. Murphy</u>, 120 So. 3d 1096, 1097 (Ala. Civ. App. 2013), Bobby Joe Bearden III filed a complaint seeking custody of his child with Angel Murphy. Bearden was awarded temporary custody of the parties' child pending the entry of a final order. Following a hearing, the trial court entered an order that adjudicated Bearden's paternity of the child;

6

directed the parties to meet and resolve the issues of custody and placement of the child and child support; and provided that, after 42 days, if the parties did not file a settlement agreement and a proposed final order, "'custody of the child shall revert to the mother.'" Bearden, 120 So. 3d at 1098. In concluding that that order was nonfinal, this court noted, among other things, that the judgment was silent as to whether Murphy was to have only sole physical custody or both legal and physical custody and did not determine the parties' respective child-support obligations and related issues.

Like in Bearden, the juvenile court's October 31, 2022, order does not specify whether it intended to award the mother sole physical custody of the children or sole legal and sole physical custody and it did not determine the parties' respective child-support obligations. "A trial court's failure to determine an amount of child support owed by a party does … render a judgment nonfinal." Ex parte Williams, 185 So. 3d 1106, 1109 (Ala. Civ. App. 2015). Although there is no indication that the mother asserted a claim for child support in her June 24, 2022, petition for a modification of custody, that omission does not prevent this court

7

from concluding that the October 31, 2022, judgment is nonfinal. In

Blasdel v. Blasdel, 27 So. 3d 1288 (Ala. Civ. App. 2009), the husband filed

a petition for a divorce against the wife in which, among other things, he

sought custody of the parties' child. The husband affirmed in his divorce

petition that he was not requesting child support at that time because

the wife was unemployed. 27 So. 3d at 1289. The judgment divorcing

the parties awarded sole physical custody of the parties' child to the

husband, subject to the wife's visitation rights, and directed the wife to

take steps to secure employment, to begin paying child support in

approximately six months, and, in the month before the child-support

obligation was to commence, to exchange CS-41 Child Support Obligation

Income Statement/Affidavit forms with the husband in order to calculate

the appropriate child-support amount to be paid by the wife, see Rule

32(E), Ala. R. Jud. Admin. This court determined that the judgment was

not final because the award of child support was ordered pending the

occurrence of both the wife's taking steps to secure employment and the

parties' exchange of CS-41 forms. In reaching that conclusion, this court

stated, in pertinent part:

"Although the husband did not request an immediate order for child support in his complaint for a divorce, our supreme court has held that '"the right to support of a child from its parents is inherent and cannot be waived by the parents even by agreement."' Ex parte State ex rel. Summerlin, 634 So. 2d 539, 542 (Ala. 1993) (quoting Willis v. Levesque, 402 So. 2d 1003, 1004 (Ala. Civ. App. 1981)). Therefore, the wife has a duty to pay child support despite the fact that the husband did not request it on behalf of the parties' son. Further, the trial court, in the divorce judgment, did not indicate that it intended to 'deviate' from Rule 32,[ Ala. R. Jud. Admin.,] as requested by the husband; the trial court only granted the wife 'some period of time with which to become employed and begin to pay child support.'"

27 So. 3d at 1290 n.4.

In Exum v. Exum, 232 So. 3d 883 (Ala. Civ. App. 2017), this court considered a judgment that modified an award of custody and directed the parties to submit certain forms, upon the submission of which the court would issue a separate order addressing child support. In concluding that the judgment was not final because the issue of child support remained pending, this court stated, in pertinent part:

"It is noteworthy that the father did not request an award of child support in his petition for modification of custody and, during the trial, testified that he was 'ask[ing] nothing for child support.' As noted, however, the father's counsel submitted Forms CS-41 and CS-42 suggesting that the father did indeed request a child-support award. In any

9

event, we do not believe the ambiguity regarding the father's child-support request renders the trial court's judgment, which specifically stated that a determination regarding child support would be made after submission of the relevant forms, final. See also Blasdel v. Blasdel, 27 So. 3d 1288, 1290 n.4 (Ala. Civ. App. 2009) ('Although the husband did not request an immediate order for child support in his complaint for a divorce, our supreme court has held that "'the right to support of a child from its parents is inherent and cannot be waived by the parents even by agreement.'" Ex parte State ex rel. Summerlin, 634 So. 2d 539, 542 (Ala. 1993) (quoting Willis v. Levesque, 402 So. 2d 1003, 1004 (Ala. Civ. App. 1981)).')."

232 So. 3d at 884 n.1. Cf. Pitts v. Pitts, 306 So. 3d 890, 895 (Ala. Civ. App. 2020) (concluding that a statement in a judgment that "'any and all other motions and requests by both parties are denied'" amounted to a denial of any purported claims for child support or visitation pursuant to a modification of custody such that judgment was final when those claims had not been otherwise addressed).

In the present case, the juvenile court's judgment was unclear regarding whether it intended to award the mother sole physical custody or whether it intended to also award her sole legal custody; it also failed to address child support, see Bearden and Blasdel, supra, and visitation. Accordingly, that judgment did not dispose of all the rights and liabilities

of the parties and was, therefore, a nonfinal judgment. See Carlisle, supra.

Rule 28(B), Ala. R. Juv. P., pursuant to which the father in the present case filed his notice of appeal to the circuit court, provides for "[a]ppeals from final orders or judgments." (Emphasis added.) See Ex parte T.C., 96 So. 3d 123, 129 (Ala. 2012) ("'Rule 28, Ala. R. Juv. P., continues to govern the detailed procedure for appeals from the juvenile court, and that rule expressly authorizes appeals only from "final orders, judgments, or decrees of the juvenile court."'" (citations omitted)). "A nonfinal judgment will not support an appeal." B.J. v. Calhoun Cnty. Dep't of Hum. Res., [Ms. CL-2022-0514, Sept. 16, 2022] ___ So. 3d ___, ___ (Ala. Civ. App. 2022). Because the juvenile court's judgment was nonfinal, the circuit court did not acquire jurisdiction over the father's appeal.

Based on the foregoing, we conclude that the circuit court erred in denying the mother's motion to dismiss the father's appeal. Accordingly, we grant the mother's petition and issue a writ directing the circuit court to enter an order granting the mother's motion to dismiss the father's

appeal. Because all orders entered by the circuit court were entered without jurisdiction, those orders are void; thus, we also instruct the circuit court to vacate its void orders. See State Dep't of Revenue v. Zegarelli, 676 So. 2d 354, 356 (Ala. Civ. App. 1996) ("A judgment entered by a court with no jurisdiction is a void judgment; a void judgment will not support an appeal.").

PETITION GRANTED; WRIT ISSUED.

Edwards, Hanson, and Fridy, JJ., concur.

Thompson, P.J., concurs in the result, without opinion.